Jennie BOND, Dora Richters and Walter C. Richters, Executor of the Estate of Lydia Clara Hoppe, Deceased, Plaintiffs,

v.

William DOIG and William Barrington Talbot, Defendants.

William DOIG, Third-Party Plaintiff,

v.

RELIANCE INSURANCE COMPANY, Wettlin Agency, Inc., and Cutter Division of Cargile, Third-Party Defendants.

Civ. No. 76–2011.

United States District Court, D. New Jersey.

June 15, 1977.

Michael J. Breslin, Jr., by Richard D. Kelly, Hackensack, N. J., for plaintiffs.

Charles R. Melli, Jr., Hackensack, N. J., for third-party defendant.

No appearance for other parties.

## OPINION

BIUNNO, District Judge.

Reliance Insurance Company (Reliance), the third-party defendant in an action in the Superior Court of New Jersey, removed the entire action here on grounds of diversity jurisdiction and admiralty/maritime jurisdiction. Plaintiffs moved to remand. In the discussion that follows, all facts recited are as alleged, or as represented at hearing, since none have been "tried" in any sense.

Defendant Doig evidently owned a motor vessel which he moored at a dock on the New York side of Greenwood Lake; he evidently slept on the vessel, but owned real estate and had other connections with New Jersey. [Tr. 3/28/77, p. 23, 11. 1–3; p. 4, 1.7 to p. 9, 1.6].

The vessel was a pleasure boat, some 28 feet long, said to carry 11 or 12 people. On the eventful day, plaintiffs and the decedent were in a group of members of the American Association of Retired Persons (AARP) who had gone to Greenwood Lake for the day. They were at luncheon, when Doig appeared and announced that he had a boat outside and would take passengers around the lake for $2. Some 20 or more accepted; the boat capsized and three suits followed in Superior Court of New Jersey [Tr. 3/28/77, p. 12, 1. 23 to p. 13, 1. 12; p. 23, 11. 1 to 17], these being consolidated there on August 12, 1976.

Doig had a "Yacht Policy" on his vessel, issued by Reliance. With his answer, timely filed, he asserted a third-party complaint against Reliance for a declaratory judgment on the policy, as the company had declined to defend or had denied coverage or both. This posture was evidently grounded on a warranty by Doig that the vessel was to be used for private pleasure purposes "solely", and "shall not be hired or chartered" unless approved by Reliance, with endorsement.

Following removal here, plaintiffs moved to remand. On the motion, it appears that plaintiffs are citizens of New Jersey. The citizenship of Doig is not clear; it is either New Jersey or New York. The citizenship of Reliance is at Philadelphia. No data appears about the citizenship of other parties.

The first question is whether Reliance can remove the case here at all. Two decisions in this district have reached different conclusions; one rules that a third-party defendant can remove, and the other that he cannot. There appears to be no controlling decision by the Court of Appeals for the Third Circuit, and while other circuits

are divided on the point, there appears not to be any controlling precedent by the Supreme Court.

The second question is whether there is jurisdiction here on diversity grounds, or admiralty/maritime grounds, or both. The admiralty/maritime aspect is involved because the Reliance "Yacht Policy" is claimed to be a maritime contract.

### Removal of Third-Party Claims.

The removal statute is 28 U.S.C. § 1441. It contains three paragraphs. The first, (a), merely allows removal of a state court suit by a defendant if the action is one of which the district court has original jurisdiction.

The second, (b), deals with civil actions of which the district court has original jurisdiction, and which are founded on a claim or right arising under the Constitution, treaties or laws of the United States; these are removable without regard to citizenship or residence, while actions not in this class are removable only if none of the defendants in interest is a citizen of the State.

The third, (c), allows an entire case to be removed when there is a separate and independent claim or cause of action which would be removable if sued upon alone,

joined with one or more otherwise non-removable claims or causes of action; for this class, the district court may retain the whole case, or remand all matters not otherwise removable.[1]

It is important to observe that this statute does not purport to deal with all possible situations, depending on how it is construed. This is for the reason that, while the original jurisdiction of the district courts is entirely statutory, there are various classes of cases for which that jurisdiction is exclusive, others for which it is concurrent with some state court, and still others for which state courts have no jurisdiction at all, either over the subject-matter or over the defendant.

Absent a "removal" statute, if suit is filed in a state court that lacks jurisdiction, it has no course but to dismiss. Removal statutes, like transfer of causes acts, are generally enacted out of concern that to dismiss for lack of jurisdiction may amount to a dismissal on the merits without trial, at least in cases where the bar of the statute of limitations runs out before a new suit can be filed in a court that does have jurisdiction.[2]

---

1. 28 U.S.C. § 1441 is not the only source of authority for removal of cases from state courts. Others in Chapter 89 of Title 28 U.S.C. are:

§ 1442(a)(1): Civil or criminal matters against certain federal officers or agencies;

§ 1442(a)(2): Certain actions against property holders whose title is derived from a federal officer under a challenged federal law;

§ 1442(a)(3): Certain actions against any officer of a federal court;

§ 1442(a)(4): Certain actions against an officer of either House of Congress;

§ 1442(b) : Certain actions by aliens against a federal civil officer;

§ 1442a : Certain actions against a member of the armed forces;

§ 1443 : Certain actions involving civil rights claims;

§ 1444 : Foreclosure actions against the United States allowed by 28 USC § 2410.

There are also some provisions which do not permit otherwise removable matters to be removed: These are:

§ 1445(a) : Actions under 45 USC § 51–60 against a railroad or its receivers or trustees;

§ 1445(b) : Certain actions under 49 USC § 20, against common carriers;

§ 1445(c) : Workers' compensation claims.

2. But, see *Stapleton v. $2,438,110.*, 454 F.2d 1210 (CA–3, 1972), involving the competing claims for cash found in "Newsboy" Moriarty's automobile trunk. The treasurer of Hudson County sued in the New Jersey courts to obtain the money as contraband from gambling operations. The District Director of IRS (who had made a jeopardy assessment, seized the cash and covered it into the U.S. Treasury) was named a defendant. He removed the case. After judgment for Hudson County, the Court of Appeals reversed. The rationale was that the New Jersey court had no jurisdiction over the United States and so the district court acquired none by the removal.

Appellate Division which, since it is a part of a single court having original jurisdiction of all causes statewide, can decide the merits and remand for entry of judgment in a trial court that does have jurisdiction.

... the courts of the New Jersey pattern, it is clear that the implements available in the courts of the United States are not available by comparison.

[T]here can be transfers, by change of venue or enclosed courts, to another which has jurisdiction, 28 U.S.C. §§ 1404 ... And, if it is ... the Court of Appeals is ... but to reverse and ... the judgment of dismissal, ... the case to a lower federal court with jurisdiction, either in the same ...

... the ability to cure procedural ... allowed for cases initially filed in a court which ... there is no ... though a state court of ... discretion. There is ... under a federal ... court. If the suit is ... the Court of Appeals ... dismissal. By that ... to file a state ... period of the statute ... 1969" 97 N.J.L.J. 316 ...

... in the case filed ... removed to federal court ... (State); it can ... the trial court or ... of the Court of Appeals ... the case was ...

... for further pro- ... appears to be so ... the district may ... under 28 U.S.C.

... is that neither ... the several ... together, constitute ... with the Superi- ...

removed "improvidently *AND* without jurisdiction" (emphasis added), 28 U.S.C. § 1447(c).

 In this context, it is clear that if the district court has jurisdiction of a case removed from state court, and the removal falls within the limited boundaries of the removal statute, the district court cannot conscientiously remand. In such a case it cannot truly say that the removal was both improvident and outside its jurisdiction. Since the ruling in *Thermtron, etc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the aggrieved party may seek mandamus as a remedy despite the fact that Congress has declared that an order to remand is not reviewable on appeal "or otherwise", except for specified civil rights cases, 28 U.S.C. § 1447(d).

 Turning then, to the specific question posed by the parties, i. e., whether a third-party defendant may remove a case to federal court, it is plain that the question is incorrectly framed. When removal is by reason of the existence, in the state court case, of a "separate and independent claim or cause of action, which would be removable if sued upon alone", then removal is proper even though that claim or cause happens to be joined with others that are not otherwise removable.

 The statute applies to removal of actions from the courts of all 50 states. Its application must depend on its own terms and not on the many variations of practice and procedure in those state courts in regard to joinder of claims or parties, or the methods for doing so.

Third-party practice became a tool of modern jurisprudence with the adoption of the 1937 Federal Rules of Civil Procedure sparked by Thomas W. Shelton and Attorney-General Cummings, and continued in many fields by Arthur T. Vanderbilt, who also led the drive to modernize New Jersey's legal system, see *Vanderbilt*, "Changing Law" (Rutgers Univ. Press, 1976), pp. 110–120; 153–168.

 As was noted at argument of the motion, removability under 28 U.S.C. § 1441(c) cannot rationally be made to depend on the accident of who sues first, or on the niceties of state pleading and practice. [Tr. of 3/9/77, p. 35, 1. 10 to p. 36, 1.9].

 It matters not whether the joined claim or cause which is removable is a claim by the fourth plaintiff against defendant on the sixth count of the initial complaint, or the claim of a defendant against a third-party defendant not previously in the case. If it is a separate and independent claim or cause, removable if sued on alone, then the whole case is removable even though it be joined with others not otherwise removable.

The two conflicting decisions in this district are *Industrial Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284 (D.N.J., 1954), which allowed removal, and *White v. Baltic Conveyor Co.*, 209 F.Supp. 716 (D.N.J.1962), which remanded.

Neither case shows any later history recorded. If *Industrial* ended up in a settlement, or in a judgment against the removing party, the one who resisted removal would have had no occasion to appeal. The remand in *White* was simply not subject to review, 28 U.S.C. § 1447(d), and there was no later history possible at the time.

Also, *White* rests heavily on considerations very much like those disapproved in *Thermtron*. It speaks of a supposed policy, of non-sympathy to expanding federal jurisdiction, and quotes excerpts from an earlier era of the Supreme Court which detected an intent of the Congress to restrict federal jurisdiction [!][4]

---

**4.** Judicial workload has been increased by the Congress in a number of ways, without corresponding provision for additional judges or for increase in support staff. A few examples are:

(a) making loansharking a federal offense, 18 U.S.C. § 891–896; ruled valid in *Perez v. U. S.*, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). Compare the simplicity of the New Jersey statute, N.J.S.A. 2A:119A–1 (1970);

(b) enacting the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., creating jurisdiction in the district courts. Note that if the claim is less than $250., that sum is to be awarded. Diversity is not a requirement;

The existence of a removable independent claim or cause of action, joined with otherwise non-removable matters, can arise in a variety of ways. It can be one of the counts of a complaint, by one of the plaintiffs against one of the defendants. It can be a claim asserted in a separate action, by itself, consolidated with other cases not removable in themselves. It can be, as here, a third-party claim bringing in a new defendant who wishes to remove the claim asserted against him.

The rational test is not how the claim comes up in the state court suit, but its nature. Is it a separate and independent claim or cause of action? This can most easily be decided by considering whether the claim or cause could have been the subject of an independent action, by itself, and without being joined or consolidated with others.

In the present case, it is obvious that under New Jersey law, Doig could have sued Reliance for declaratory judgment to determine if the policy covered claims asserted by Bond and the other plaintiffs, not yet sued on.

The recent ruling of the Court of Appeals in *Johnson v. Better Materials v. Atlantic City Electric,* 556 F.2d 131 (CA–3, 1976) is not to the contrary. That case involved the question whether plaintiffs, in a suit started here, could file a direct claim under state law against the third-party defendant, both being citizens of New Jersey. No removal was involved.

*Jurisdictional basis for removal.*

As noted above, 28 U.S.C. § 1441 authorizes removal only of cases over which the

district court has original jurisdiction. The test here is simple: could action on the claim or cause have been filed here?

Next, is the question dealt with by (b) of the same section. If the claim or cause is founded on federal law (paramount law under Art. 6 of the U.S. Constitution), nothing else need be shown. If it is not so founded, then it must appear that none of the defendants on the claim or cause is a citizen of New Jersey.

In this case, since the pleadings were filed in state court before removal, they do not disclose citizenship of each party (as they would have to if they filed here), and so the court cannot pass now on whether there is diversity jurisdiction.

However, Reliance claims that the third-party complaint comes within the admiralty and maritime jurisdiction, which is exclusive under 28 U.S.C. § 1333.[5]

It was evidently decided as early as 1815, that the admiralty jurisdiction embraced all maritime contracts. *The Jerusalem,* 13 Fed.Cases at 565 (1815). And, in *De Lovia v. Boit,* 7 Fed.Cases 418 (1815), Mr. Justice Story had ruled that by the use of the phrase "and maritime", in addition to "admiralty", it was the intent of the drafters of the Constitution to adopt the Continental, rather than the English rules. And, see, *Deutsch,* "Development of the Theory of Admiralty Jurisdiction in the United States", 35 Tulane Law Review 117 (1960).

The former maintenance of separate dockets for admiralty cases apart from the civil docket, as mentioned in *Jordine v. Walling,* 185 F.2d 662 (CA–3, 1950), has disappeared with the general unification of civil and admiralty procedure, effective

(c) enacting the Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq. This law had made the district courts (at least in metropolitan areas) essentially criminal courts and has eroded effective calendar control;

(d) enactment of the Employee Retirement Income Security Act of 1974, with jurisdiction in the district courts;

(e) enactment of the Tax Reform Act of 1976, whose many changes forecast more litigation as affected tax years are audited;

(f) enactment of new rules on habeas petitions under 28 U.S.C. §§ 2254 and 2255. Some

of the changes will increase the number of petitions that can be filed;

(g) elimination of the $10,000 jurisdictional limit for some federal question cases under 28 U.S.C. § 1331.

5. It is not necessary here to analyze the effect of the "savings to suitors" clause in that statute, since the existence of a federal law claim or right is sufficient to support removal, whether jurisdiction be exclusive or concurrent.

July 1, 1966. The distribution of the former admiralty rules is shown by the table, F.R.Civ.P., 28 U.S.C.A. on p. 109 following form 32.

 The incident giving rise to the third-party complaint occurred on Greenwood Lake, which the court judicially notices to be one located in both New Jersey and New York, with extensive motorboating activity interstate. See, *Davis v. U. S.,* 185 F.2d 938 (CA–9, 1950), involving Lake Tahoe, which is in both Nevada and California. Greenwood Lake is navigable water; this is the test. Re *Garnett,* 141 U.S. 1, 11 S.Ct. 840, 35 L.Ed. 631 (1891); *The Robert W. Parsons,* 191 U.S. 17, 24 S.Ct. 8, 48 L.Ed. 73 (1903). And marine insurance is a maritime contract within federal jurisdiction, *Wilburn Boat Co. v. Firemen's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1954) reh. den. 349 U.S. 907, 75 S.Ct. 575, 99 L.Ed. 1243.

## *"Separate and independent"*

The third-party complaint exists because claims were made against Doig, who called on Reliance under the Yacht Policy, and was told it did not cover. Thus, a real controversy arose, the proper subject for a declaratory judgment remedy, in an action between those two parties alone.

Such actions can be and are often brought even though the named insured has no suit filed against him. Since such a suit can stand alone, it involves a separate and independent claim or cause of action which, by itself, could be sued on here or, if begun in State court, could be removed here by Reliance.

## *Certification of Question*

Under 28 U.S.C. § 1292(b), a district court may certify a question not otherwise appealable until after final judgment, under the circumstances set out there.

This is obviously a case for certification. Both *Industrial Lithographic* and *White* have considered the question of removability of third-party complaints (in the diversity context); they reached opposite results.

Both are decisions of this district, and the Court of Appeals in this circuit has not spoken on the point.

Discovery on the third-party complaint can continue pending decision by the Court of Appeals, thus avoiding delay, and if the mandate is to remand, the case can proceed uninterrupted in state court; otherwise, it can continue to such judgment as the law and the facts call for.

## *Severance*

Both parties agree that if removal is valid, this court may retain the whole case or remand everything except the third-party complaint, under 28 U.S.C. § 1441(c). At this early stage (there are only pleadings, so far) the court will reserve on this question until a better picture of the facts has developed, and if remand of other aspects is to be made, will do so no later than immediately after the pretrial conference.

## *Conclusion*

For the reasons stated, the motion for remand is denied.