Donald E. CHASE and Ruby S. Chase, his wife, Plaintiffs,

v.

NORTH AMERICAN SYSTEMS, INC., a corporation t/d/b/a Mr. Coffee, Original Defendant,

v.

RIVAL MANUFACTURING COMPANY, Additional Defendant.

Civ. A. No. 81–176 ERIE.

United States District Court, W. D. Pennsylvania.

Sept. 30, 1981.

Richard G. Lewis, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., William F. Morgan, Warren, Pa., for plaintiffs.

John M. Wolford, MacDonald, Illig, Jones & Britton, Erie, Pa., for Rival.

Murovich, Reale & Fossee, Pittsburgh, Pa., for North American Systems.

## OPINION

WEBER, Chief Judge.

This diversity case presents a number of interesting questions regarding the scope of federal removal jurisdiction under 28 U.S.C. § 1441(c). In this case the resolution of these questions is complicated by several unique features of Pennsylvania state practice that have no counterpart in the federal system.

This action was originally brought in the Court of Common Pleas of Warren County, Pennsylvania. The plaintiffs, a husband and wife, are residents of Pennsylvania. The defendant, North American Systems, Inc., is an Ohio corporation which manufactures "Mr. Coffee" coffee makers for sale throughout the United States. In their complaint the plaintiffs allege that one of

the "Mr. Coffee" coffee makers manufactured by the defendant caught fire, destroying plaintiffs' home and personal effects. As a result of this fire the plaintiffs allege that they suffered damages in excess of $68,000.

It is conceded that this action alone could have been removed by the defendant to federal court. See 28 U.S.C. § 1441 et seq. North American Systems, however, elected to proceed with this action in state court.

As part of its defense to this action in state court, North American filed a pleading styled "Complaint to Join Additional Defendant". In this third-party complaint North American named Rival Manufacturing Company, a Missouri corporation, as an additional defendant. The complaint asserted that a can opener manufactured by Rival was the cause of the fire which destroyed plaintiffs' home, and prayed that Rival be found solely liable for the plaintiffs' damages.

In effect, then, the third-party complaint submitted by North American "tendered" a different defendant to the plaintiffs. Under Pennsylvania practice this type of third-party complaint is permitted. See Pennsylvania R. of Civ. P. 2252(a) ("in any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person . . . who may alone be liable . . . on the cause of action declared upon by the plaintiff . . ."). No such third-party joinder can be effected, however, under the Federal Rules of Civil Procedure. Rule 14(a) of the Fed.R. of Civ.P. only permits a defendant to join as a third-party defendant a person "who is or may be liable to [the defendant] for all or part of the plaintiffs' claim against [defendant]." This rule has uniformly been construed to prohibit the joinder of a third-party defendant solely on the basis of that third-party's direct liability to the plaintiff. See, e. g. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 368, note 3, 98 S.Ct. 2396, 2399–400, note 3, 57 L.Ed.2d 274 (1978); *Millard v. Municipal Sewer Authority of Lower Makefield Township*, 442 F.2d 539, 541 (3d Cir. 1971). Therefore, the

"tender" of another defendant to the plaintiff accomplished by North American in this case would have been impossible had plaintiffs sued in federal court or had North American elected to remove this action to federal court.

On August 5, 1981, Rival Manufacturing Company petitioned for the removal of this action to the United States District Court for the Western District of Pennsylvania, asserting that there was complete diversity between all of the parties in this case and that the amount in controversy exceeded $10,000. North American responded to this petition by filing a motion to remand this action back to the Court of Common Pleas of Warren County.

The instant motion to remand presents two distinct legal issues. First, is a third-party defendant a proper removing party under 28 U.S.C. § 1441(c)? Second, does the third-party complaint in this case state a "separate and independent" cause of action removable to federal court under 28 U.S.C. § 1441(c)?

■ As the party seeking to assert federal jurisdiction in this case Rival Manufacturing bears the burden of proof on both of these issues. See, *R. G. Barry Corporation v. Mushroom Makers, Inc.*, 612 F.2d 651, (2d Cir. 1979); *Unanue v. Caribbean Canneries, Inc.*, 323 F.Supp. 63 (D.C.Del.1971). In this case we feel that Rival has not met its burden of proof on either of these questions. Therefore, we will grant North American Systems' Motion to Remand.

I.

■ The right of a party to remove a case from state to federal court is a purely statutory right and, as such, is dependent upon the will of Congress for its continued existence. See, e. g. *Libhart v. Santa Monica Dairy Company*, 592 F.2d 1062 (9th Cir. 1979); *Greater New York Mutual Insurance Co. v. Anchor Construction Co.*, 326 F.Supp. 245, 247 (E.D.Pa.1971). Therefore, removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress. Moreover in deter-

mining the scope of this statutory removal jurisdiction it has been the policy of the courts to construe these jurisdictional grants strictly and to decline jurisdiction in doubtful cases. See, e. g. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1949); *Folts v. City of Richmond*, 480 F.Supp. 621, (D.C.Va.1979); *Greater New York Mutual Insurance Co.*, supra; *Fiblenski v. Hirschback Motor Lines, Inc.*, 304 F.Supp. 283 (E.D.Ark.1969); *Holloway v. Gamble-Skogmo, Inc.*, 274 F.Supp. 321 (N.D.Ill.1967).

In this case the removing party, Rival Manufacturing Company, asserts that federal jurisdiction exists by virtue of 28 U.S.C. § 1441(c). That section, in pertinent part, states as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters not otherwise within its original jurisdiction.

According to Rival the third-party complaint filed against it by the defendant, North American Systems, presents a "separate and independent claim ... which would be removable if sued upon alone." Therefore, removal of this action is appropriate.

There is, however, a threshold problem with this position. North American Systems contends that Rival, as a third-party defendant, is not a proper removing party under 28 U.S.C. § 1441(c).

At the outset we recognize that there is a widespread difference of opinion on this issue. A number of courts have allowed third-party defendants to remove actions under 28 U.S.C. § 1441(c) arguing that the third-party complaint establishes a separate and independent federal cause of action. See, e. g., *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir., 1980); *Bond v. Doig*, 433 F.Supp. 243 (D.N.J.1977); *Ted Lokey Real Estate Co. v. Gentry*, 336 F.Supp. 741 (N.D.Tex. 1972); *Wayrynen Funeral Home Inc. v. J. G. Link & Co.*, 279 F.Supp. 803 (D.Mont. 1968).[1]

A large number of cases, however, have rejected this view. These cases have adopted the position that § 1441(c) only applies to claims raised in the plaintiff's complaint. Under this view of § 1441(c) issues raised in a third-party complaint are ancillary to the main action and are not removable to federal court. See, e. g., *Southland Corp. v. Estridge*, 456 F.Supp. 1296 (C.D.Cal.1978); *Midstate Homes, Inc. v. Swain*, 331 F.Supp. 337 (D.Okl.1971); *Greater New York Mutual Insurance Co. v. Anchor Construction Co.*, supra; *Tuyagda Aluminum Products Corp. v. Hull Dobbs, 65th Inf. Ford Inc.*, 313 F.Supp. 774 (D.C.P.R.1970); *Fountain Park Coop. Inc. v. Bank of America National T & S Assoc.*, 289 F.Supp. 150 (C.D.Cal.1968).

■ We feel that the latter view is more consistent with both the statutory text and the policies underlying federal removal jur-

---

1. These cases also argue that denying third-party defendants in state court the right to remove makes removal dependent upon the vagaries of state third-party practice. See, *Industrial Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284, 286 (D.N.J.1954). We disagree. A uniformly applied federal rule barring removal by third-party defendants does not allow state procedure to control access to federal courts. See, 1A Moore's Federal Practice Digest, ¶ 0.167[10].

In fact the liberality of third-party practice in states like Pennsylvania turns this argument on its head. The problem with this argument can clearly be seen by examining the facts of our case. If this action had originally been brought in federal court the defendant would not have been able to join Rival Manufacturing as a third-party defendant. See Fed.R.Civ.P. 14(a). The third-party joinder made in this case is only possible under Pennsylvania's Rules of Civil Procedure. See Pa.R. of Civ.P. 2252. Therefore, permitting Rival Manufacturing to remove this action to federal court would allow Rival to remove into federal court an action that could not have been brought there originally. In other words in this case permitting removal by a third-party defendant allows peculiarities of state practice to define the jurisdiction of a federal court. This is precisely the danger condemned by the court in *Industrial Lithographic Co. v. Mendelsohn*, supra.

isdiction. Therefore, we adopt that view and hold that Rival Manufacturing may not remove this action under 28 U.S.C. § 1441(c).

Turning first to the text of the statute we recognize that 28 U.S.C. § 1441(c) does not, on its face, limit federal removal jurisdiction to claims stated in the plaintiff's complaint. However, neither does it expressly authorize removal solely on the basis of allegations contained in a third-party complaint. Rather, the text of 28 U.S.C. § 1441(c) is silent on the question who may remove an action to federal court. From this silence we are asked to infer that third-party defendant removal is permitted.

Yet 28 U.S.C. § 1441(a), which generally defines removal jurisdiction, expressly limits that jurisdiction to actions "removed by the defendant or the defendants". See, *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972). This limitation on removal is reflected in several other statutory provisions as well. See, 28 U.S.C. §§ 1443, 1446(a). Therefore, in order to allow removal by a third-party defendant under § 1441(c) we must conclude that that section implicitly expands federal removal jurisdiction beyond the express limits of 28 U.S.C. § 1441(a).

This we cannot do. In our view it is clearly inconsistent with the principle of strictly construing jurisdictional statutes to conclude that § 1441(c), by its silence, extends to third-party defendants a right to remove cases to federal court. This tortured reading of § 1441(c) would make the limitations imposed by § 1441(a) largely meaningless. Therefore we must reject this argument as inconsistent with the text and sense of 28 U.S.C. § 1441.

Moreover, as a practical matter, allowing removal by the third-party defendant in this case denies both the plaintiff and the defendant the right to proceed in a forum of their own choosing. At the time that this action was filed the plaintiffs could have elected to proceed in federal court. See 28 U.S.C. § 1332. Instead plaintiffs chose to pursue this matter in state court. Similarly, the defendant had the option of

removing this action and elected not to do so. Presumably, then, both of the primary parties to this action wished to proceed in state court.

We do not believe that a third-party defendant, a party to an ancillary claim, should be able to disturb the choice of forum made by the primary parties to an action. See 1A MOORE'S Federal Practice, ¶ 0.167[10] at 413, 420 (1979). Allowing such third-party removal would in our view be "too much akin to the tail wagging the dog." 1A MOORE'S Federal Practice, supra, at 418. Since the primary parties have chosen to proceed with this action in state court we believe that the third-party defendant must accept this forum.

## II.

However, even if we held that Rival Manufacturing was a proper removing party under 28 U.S.C. § 1441(c) we would still order this case remanded to the Court of Common Pleas because we believe that the third-party complaint against Rival does not state a "separate and independent claim or cause of action which would be removable if sued upon alone." The critical language here is the phrase "a separate and independent claim or cause of action." This phrase defines what is a removable cause of action under § 1441(c) and, therefore, controls the right to removal under that section.

We note at the outset that this important language is set forth in the conjunctive. Therefore, a cause of action must be both "separate" from and "independent" of the main action to be removable under § 1441(c). See *Her Majesty Industries, Inc. v. Liberty Mutual Insurance Co.*, 379 F.Supp. 658 (D.C.S.C.1974); *Hoagland v. Rost*, 126 F.Supp. 232 (W.D.Mo.1954). Moreover, the phrase "separate and independent" connotes an entirely distinct controversy; one that differs from and is not dependent upon the main cause of action. See, e. g. *Snow v. Powell*, 189 F.2d 172 (10th Cir. 1951); *Her Majesty Industries, Inc.*, supra; *Levitt v. Ford Motor Co.*, 215 F.Supp. 913 (E.D.N.Y.1963).

In this case the third-party complaint filed by North American Systems asserts that a can opener manufactured by Rival was the sole cause of the fire which damaged plaintiffs' home. That third-party complaint seeks to hold Rival exclusively liable to the plaintiffs for the damage caused by this fire.

In our view this complaint, which merely tenders another defendant to the plaintiff, does not create a "separate and independent" claim or cause of action. Quite the contrary, the issues of causation and liability presented by this third-party complaint are identical to those found in the main action. Because this third-party action is entirely dependent upon the main action we hold that it is not removable under 28 U.S.C. § 1441(c).

An appropriate order will issue.