COLUMBIA CASUALTY CO.,
INC., Plaintiff,

v.

STATEWIDE HI–WAY SAFETY, INC.,
Defendant-Third Party Plaintiff,

v.

E. H. DEVINE CO., INC., Third Party
Defendant-Counterclaimant,

v.

James DOYLE, and George Smith, Additional Defendants on Counterclaim.

Civ. A. No. 81–2141.

United States District Court,
D. New Jersey.

May 13, 1982.

Heitner, Goldzweig & Grossman by Lawrence S. Grossman, Wickatunk, N. J., for plaintiff.

Bertman, Johnson & Sahli, P. A. by John Bertman, Hammonton, N. J., for defendant-third party plaintiff and additional defendants on counterclaim.

Healey, Larsen & Mueller by William L. Mueller, Haddonfield, N. J., for third party defendant-counterclaimant.

OPINION

COHEN, Senior District Judge:

This matter is before the Court on the motion of defendant-third party plaintiff, Statewide Hi-Way Safety, Inc. (Statewide), for an order remanding the case to the New Jersey Superior Court, Law Division, Atlantic County. Statewide contends that the removal is required because of this Court's alleged lack of subject matter jurisdiction.

Plaintiff, Columbia Casualty Co., Inc. (Columbia), an Illinois Corporation, has instituted this action to recover premiums allegedly due for insurance coverage which it provided to defendant Statewide, a New Jersey Corporation. Statewide has filed a third party complaint against E. H. Devine Co., Inc. (Devine), a Pennsylvania Corporation, alleging fraud and misconduct by Devine in its capacity as insurance broker for Statewide. Devine counterclaimed against Statewide for the broker's commissions it contends are due to it for procuring the disputed insurance coverage. Devine has also joined Joseph Doyle and George Smith, officers of Statewide, as defendants on the counterclaim.

Originally, suit was instituted in the New Jersey Superior Court, Law Division, Atlantic County. Thereafter, on the petition of third party defendant, Devine, the case was removed to this Court. Jurisdiction was allegedly vested here pursuant to 28 U.S.C.

§§ 1332 [1] and 1441(c) [2] in that there is complete diversity of citizenship between the parties, the amount in controversy exceeds $10,000 and the third party proceeding is a separate and independent cause of action which could be removable by third party defendant if sued upon alone.

Statewide now moves to remand the case to the New Jersey Superior Court, contending that under 28 U.S.C. § 1441, a third party defendant is not entitled to remove an action to the federal district court. There is a widespread difference of opinion on this issue. A number of courts have allowed third party defendants to remove under 28 U.S.C. § 1441(c), reasoning that the third party complaint establishes a separate and independent cause of action. *See, e.g., Carl Heck Engineers v. La Fourche Parish Police*, 622 F.2d 133 (5th Cir. 1980); *Bond v. Doig*, 433 F.Supp. 243 (D.N.J.1977). Other courts have adopted the position that § 1441(c) applies only to claims raised in the plaintiff's complaint and that issues raised in the third party complaint are ancillary to the main action and not removable to federal court. *See, e.g., Chase v. North American Systems, Inc.*, 523 F.Supp. 378 (E.D.Pa.1981). The Third Circuit has yet to decide this issue.

■ The plaintiffs in *Chase* brought suit in Pennsylvania state court against North American Systems, Inc. (North American), the makers of the "Mr. Coffee" coffee maker, alleging that their Mr. Coffee machine had caught fire and caused the destruction of their home. North American filed a third party complaint against Rival Manufacturing Company (Rival). The complaint asserted that a can opener manufactured by Rival had actually caused the fire.[3] After Rival petitioned to remove the case to federal court, North American moved for remand to the state court.

■ The district court in *Chase* held that, pursuant to 28 U.S.C. § 1441, a third party defendant was not a proper party to remove a case to federal court. 523 F.Supp. at 381–82. The court reasoned that since 28 U.S.C. § 1441(c) does not *expressly* provide that a third party defendant may remove the action on the basis of allegations contained in the third party complaint, the doctrine of strict construction of jurisdictional statutes precludes construing § 1441(c) to allow removal by a third party defendant. *Id.* at 382. Alternatively, the court held that the third party complaint merely tendered another defendant to the plaintiffs and, therefore, did not create a separate and independent cause of action as required by 28 U.S.C. § 1441(c). *Id.* at 383–84. The Court's decision was bolstered by its assertion that allowing removal by a third party defendant may have the effect of denying the plaintiff and defendant the right to proceed in a forum of their own choosing. *Id.* at 382.

In *Bond v. Doig*, plaintiffs brought a wrongful death action in New Jersey Superior Court against defendant Doig who was

1. 28 U.S.C. § 1332 provides in pertinent part:
(a) The district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and is between—
    (1) Citizens of different States
    .    .    .    .    .

2. The relevant parts of 28 U.S.C. § 1441 are as follows:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
    .    .    .    .    .

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

3. Under Pa.R.Civ.P. 2252(a) a defendant may join as an additional defendant any person who alone may be liable directly to plaintiff. No such joinder is permitted under the Federal Rules of Civil Procedure. Rule 14(a) of the Federal Rules only permits joinder of a person who is or may be liable to the defendant for any part of plaintiff's claim against defendant. 523 F.Supp. at 381.

the owner and operator of a boat which allegedly capsized and caused the death of plaintiffs' decedent. Doig then filed a third party complaint against his insurer, Reliance Insurance Company (Reliance), for a declaratory judgment on the policy because Reliance had declined to defend and had denied Doig coverage. After being joined as a party, Reliance petitioned for removal of the case to the Federal District Court of New Jersey.

The court allowed removal by the third party defendant in *Bond.* 433 F.Supp. at 249. The test espoused in that case did not concern which party petitioned for removal but whether the petitioning party's claim formed a separate and independent cause of action as required by 28 U.S.C. § 1441(c). *Id.* at 248. The court held that since Doig could have sued Reliance for a declaratory judgment to determine if the policy covered claims not yet sued on, the third party complaint constituted a separate and independent cause of action. *Id.*

This Court recognizes that it is not bound by the decisions of other district courts. Since the Third Circuit has not yet ruled on this question, we are not restrained by precedent in this area. We have decided to adopt the view set forth in *Bond* and deny defendant's motion to remand the case to the New Jersey Superior Court.

Defendant-third party plaintiff, Statewide, has sued third party defendant, Devine, charging that Devine committed fraud in its capacity as defendant's insurance broker.[4] The third party action certainly constitutes a claim separate from, and independent of, the wrongful death action brought by plaintiff. Since there is complete diversity of citizenship between the parties and the amount in controversy exceeds $10,000, this third party suit would be removable if sued upon alone. Therefore, the entire action is removable to this Court and defendant's motion for remand must be denied.

---

4. Devine counterclaimed against Statewide for unpaid commissions.