**Robert GRUBER et al.**

v.

**HUBBARD BERT KARLE WEBER, INC. et al.**

**Civ. A. No. 85–63 Erie.**

United States District Court, W.D. Pennsylvania.

April 21, 1988.

Theodore B. Ely, Ely & Smith, Erie, Pa., for Hamot Medical Center of the City of Erie, Pa.

Michael Jan Janin, Quinn, Gent, Busek & Leemhuis, Erie, Pa., for St. Vincent Health Center.

David L. McClenahan, Kirkpatrick & Lockhart, Pittsburgh, Pa., for additional defendants Hubbard Bert Karle Weber, Inc., J. Patrick Karle, Buckley Hubbard, Jr., Buckley Hubbard III, J. Boyd Bert and John C. Weber.

James D. Morton, Buchanan Ingersoll, Pittsburgh, Pa., for additional defendants Gordon, McClure, Maxwell, Mehl & Hilbert.

Eugene J. Brew, McClure Miller & White, Craig A. Markham, Elderkin Martin Kelly Messina and Zamboldi, Thomas S. Talarico, Plate, Shapria, Hutzelan, Berlin, May, Walsch & Braebender, Erie, Pa., Michael R. Smalz, Northwestern Legal Services, Franklin, Pa., Ted J. Padden, Carney & Good, Colleen C. McCarthy, Erie, Pa., for patient defendants.

## OPINION

GERALD J. WEBER, District Judge.

This litigation is best described as a can of worms and every time we turn our backs on it someone lets out more worms. Unfortunately once the worms get out of the can the only way to get them back in is to get a bigger can. After struggling for several years to catch all the worms and watching the can get bigger and bigger, we have finally hit on a solution dictated by the tenets of limited federal jurisdiction. To complete the analogy, we will divide up

the worms, keeping the largest for ourselves and putting the smaller but more numerous ones in a separate can and sending them back to the state court where they came from.

For those who prefer a more erudite allusion we offer the Hydra. Each time Hercules cut off one of the Hydra's many heads, two new ones grew in its place. We know the feeling.

For the uninitiated, or for those who have lost sight of the forest for the trees, this litigation began with two class action suits. (Civil Action No. 85–63 Erie and Civil Action 85–130 Erie). Plaintiff classes, employers and employees covered by the health benefits plan of the now defunct Lake Erie Employers Association (LEEA), sued the administrators of the plan (referred to here generally as the HBKW defendants) for mismanagement and breach of fiduciary duties. The class action suits were based principally on ERISA.

In the past few years 2 local hospitals began suing hospital patients who had been covered by LEEA but who had the great misfortune of becoming ill or injured at the time LEEA could no longer pay the bills. The hospitals sued their patients in state court on simple contract and quantum meruit theories.

Many of these individual patient-defendants gravitated to common defense counsel. In those cases counsel filed a third party claim against the HBKW defendants, mirroring the allegations of the Complaints in the class actions, including the ERISA claims.

On the basis of the federal statutory claims against them, some or all of the HBKW third party defendants filed removal petitions in all cases in which they had been joined. No motion to remand was filed and no party expressed any objection to removal. We consolidated these various cases with the pending class action suits.

The first 4 cases removed appeared to be representative of the genre and we solicited potentially dispositive motions in these 4 cases. Accordingly plaintiff Hamot Hospital filed a motion for summary judgment on these 4 cases and both sides submitted evidentiary material and briefs. We concluded in a written Opinion and Order that Hamot was entitled to summary judgment against the patient-defendants in these 4 cases. We also concluded that because the patients' claims against the HBKW defendants were wholly subsumed with the class action claims, we would dismiss those individual actions and close the cases.

At this point the procedural tangle thickens. Because we did not know the actual amounts owed by the patient-defendants in the 4 test cases we required Hamot to submit forms of order for entry of judgment in the appropriate amounts. Because Hamot attached the form of orders to the back of another document, they went unnoticed by the Clerk and the Court and final judgment was never entered.

In the meantime, counsel for the patient-defendants filed a Motion for Reconsideration, and although there was no final judgment, a Notice of Appeal. In succession counsel for the patient-defendants also filed several Motions to Remand the various hospital collection cases to state court, a Motion to Stay Execution of the judgments pending appeal (though there were no final judgments to execute upon), and a Motion for Leave to voluntarily dismiss the patient-defendants' claims against the HBKW defendants, the very claims that had resulted in removal in the first place. Also during this time Hamot and St. Vincent's Hospital filed omnibus motions for summary judgment on all their remaining suits as directed by the Court.

The Third Circuit has recently dismissed the ill-fated appeal by the patient-defendants and the mandate has been returned. The parties have had ample time to make their views known on all pending matters. We thus proceed to divvy up the worms.

## DISCUSSION

### 1. *Motions to Remand*

 Patient-defendants argue that these cases were improvidently removed because a third party-defendant may not effect removal. We recognize that there is a considerable split of authority on this issue,

both nationwide and within the District Courts in this Circuit. See Moore's Federal Practice § 0.167[10]; *Chase v. North American Systems, Inc.*, 523 F.Supp. 378 (W.D.Pa.1981); *Greater New York Mutual Insurance Co. v. Anchor Construction Co.*, 326 F.Supp. 245 (E.D.Pa.1971); *White v. Baltic Conveyor Co.*, 209 F.Supp. 716 (D.N.J.1962); and compare with *Columbia Casualty Company, Inc. v. State Hi–Way Safety Inc.*, 94 F.R.D. 182 (D.N.J.1982); *Bond v. Doig*, 433 F.Supp. 243 (D.N.J. 1977). Indeed the Third Circuit has never ruled on this issue. See, *Bond*, 433 F.Supp. 243 (issue certified for immediate appeal but no reported appellate decision).

For this court the issue is "deja vu all over again." [1] We previously addressed this same question in *Chase*, 523 F.Supp. 378, and we held that a third party defendant is not a party who may effect removal under the statute. Having been presented with no contrary argument which is new or persuasive we adopt the reasoning contained in *Chase* and conclude that removal here was improper.

▇▇▇ However, the plaintiff-Hospitals argue that the patient-defendants waived any defect in the removal by failing to timely raise these issues. It is true that procedural defects in removal may be waived. *Mackay v. Uinta Development Company*, 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913). In this case the fact that all the HBKW defendants did not join in the removal petition would be a waivable defect. See, *Monaco v. Carey Canadian Mines, Ltd.*, 514 F.Supp. 357 (E.D.Pa.1981).

▇▇▇ There is no doubt in our minds that all parties have waived any defects in the removal. Not only does the first motion to remand come a year after the first removal, it is clear that lead counsel for the majority of the patient-defendants suggested and actively encouraged removal. In fact the joinder of the HBKW defendants appears to have had no other purpose than to provide a basis for federal jurisdiction. Only now, with an unsatisfactory result in the 4 test cases and summary judgment

motions pending on all the others, does counsel seek remand. If ever there was waiver, this is it.

But the parties cannot waive defects in the court's subject matter jurisdiction. E.g. *Medlin v. Boeing Vertol Co.*, 620 F.2d 957 (3d Cir.1980). Indeed such substantive defects may be raised sua sponte by an appellate court and the time and effort invested in litigation will not prevent dismissal for lack of jurisdiction. *Lovell Manufacturing Co. v. Export–Import Bank of the United States*, 843 F.2d 725, 729, 734–35 (3d Cir.1988).

▇▇▇ In the present case the patient-defendants could have brought their claims against the HBKW defendants in federal court initially. Indeed these claims are the basis of the class actions suits filed here. (Civil Action Nos. 85–63 Erie, 85–130 Erie). But the claims of the plaintiff-hospitals against the patient-defendants are grounded solely in Pennsylvania common law contract and quantum meruit theories. We believe it is the original claims rather than the third-party claims which determine our jurisdictional basis. Any other treatment would be inconsistent with the reasoning in *Chase*, 523 F.Supp. 378. See also, *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). Because no federal question is raised by the original complaints we are without a jurisdictional basis to decide these claims.

Diversity though is another question. Our review of the files reveals that in three cases Hamot, a Pennsylvania corporation, has sued patients who reside outside Pennsylvania. In Civil Action No. 87–250 Erie, Hamot filed suit in this court on the basis of diversity jurisdiction. In Civil Action No. 87–152 Erie and Civil Action No. 87–266 Erie, Hamot filed suit in state court and after being joined, the HBKW defendants removed. Although removal by the third party defendant was improper, the original claims between the hospital and the patients appear to be within this court's

---

**1.** Generally attributed to Yogi Berra.

diversity jurisdiction.[2] Remand is therefore inappropriate in these cases. *Grubbs*, 405 U.S. 699, 92 S.Ct. 1344.

We turn then to the 4 test cases. As described above we have resolved all issues in favor of the plaintiff-hospital in these 4 cases and we need only to formally enter judgment against the patient-defendants in the appropriate amounts. But our holding today makes clear that we were without jurisdiction to decide those claims. The fact that the absence of subject matter jurisdiction becomes apparent at this late stage is irrelevant. *Lovell*, 843 F.2d 725 (3d Cir.1988). Our previous order granting summary judgment in favor of Hamot and against patient-defendants in Civil Action Nos. 86–276 Erie, 86–277 Erie, 86–278 Erie, 86–279 Erie will be vacated and the cases remanded to state court.

Finally, we note that the various motions to remand do not cover all the pending hospital collection cases. Nonetheless, this court has the obligation sua sponte to examine pleadings for appropriate jurisdictional grounds. We have reviewed all the files and conclude that, with the exception of 87–152 Erie, 87–250 Erie and 87–266 Erie in which diversity is apparent, all the hospital collection cases were improvidently removed and must be remanded to the Court of Common Pleas.

We recognize that the HBKW defendants posted a removal bond in each of these cases, bonds which may ordinarily be forfeit on a finding of improvident removal and order for remand. However, the other parties have contributed to the delay and complexity of this litigation by their failure to timely raise these jurisdictional issues and by their contributions to the unnecessary procedural tangle we struggle with. Therefore the bonds posted in the remanded cases are to be refunded to the additional defendants who posted them.

### 2. *Motion for Leave to Voluntarily Dismiss Third Party Claims*

In another tardy move, lead counsel for the majority of the patient-defendants seeks leave to voluntarily dismiss the third party claims against the HBKW defendants. This would have the effect of eliminating the only reed upon which removal was based. Because we have concluded that removal was improvident for the reasons recited above, we need not decide this motion. In fact, because we conclude we have no jurisdiction in these cases, we have no power to rule on the motion.

There is one exception. Counsel's motion includes Civil Action No. 87–152 Erie, one of the three cases in which diversity is apparent. Because the claims asserted against the HBKW defendants in that case are subsumed within the class action allegations, because dismissal will prejudice no one, and because dismissal will simplify the case and promote judicial economy, we will grant the motion as to Civil Action No. 87–152 Erie.

### 3. *Omnibus Motion for Summary Judgment*

After the court's decision on the 4 test cases, we directed the plaintiff-Hospitals to file an omnibus summary judgment motion and brief on all the remaining hospital collection cases. Counsel for the hospitals prepared this comprehensive motion and brief and the cases are in a posture for final resolution. Our holding above that we lack jurisdiction in all but 3 cases pulls the proverbial rug out. Plaintiff-Hospitals will have to pursue summary disposition on remand.

As to the 3 cases in which diversity jurisdiction is apparent, 2 are the subject of the omnibus summary judgment motion. (Civil Action No. 87–152 Erie and Civil Action No. 87–266 Erie). We will consider the motions, briefs and evidentiary material submitted to the extent they pertain to these 2 particular cases. We will present our resolution of these issues in a separate Opinion and Order. As to the third case (Civil Action No. 87–250 Erie), defendants have acknowledged service of the Com-

---

**2.** Because the Complaints in Civil Action No. 87–152 Erie and Civil Action No. 87–266 Erie were not designed to allege diversity, they allege only residence, not citizenship. If these defendants challenge diversity jurisdiction they shall do so forthwith.

plaint but no appearance has been entered and no responsive pleading has been filed. Therefore plaintiff-Hospital shall promptly petition for entry of default and default judgment. As noted above, if any of these defendants contest diversity jurisdiction they shall move to dismiss *forthwith.*

### CONCLUSION

For the reasons stated above, we conclude that removal of all the hospital collection cases was improvident. With the exception of three cases in which diversity is apparent, we lack subject matter jurisdiction over these suits and thus we must remand them to the Court of Common Pleas where they originated.

An appropriate order will be entered.

### ORDER

In accord with the accompanying Opinion it is hereby ORDERED:

1) Removal of the following cases was improvident and because this court is without subject matter jurisdiction over these claims, they are remanded to the Court of Common Pleas of Erie County. The removing party shall *not* forfeit the removal bond. The Clerk is DIRECTED to mark these files CLOSED:

| | | |
|---|---|---|
| 86–276 E | 87–190 E | 87–263 E |
| 86–277 E | 87–191 E | 87–264 E |
| 86–278 E | 87–192 E | 87–265 E |
| 86–279 E | 87–193 E | 87–267 E |
| 87–69 E | 87–194 E | 87–268 E |
| 87–70 E | 87–195 E | 87–269 E |
| 87–80 E | 87–196 E | 87–270 E |
| 87–81 E | 87–197 E | 87–271 E |
| 87–82 E | 87–198 E | 87–272 E |
| 87–83 E | 87–253 E | 87–273 E |
| 87–151 E | 87–254 E | 87–274 E |
| 87–153 E | 87–255 E | 87–275 E |
| 87–154 E | 87–256 E | 87–276 E |
| 87–155 E | 87–257 E | 87–277 E |
| 87–156 E | 87–258 E | 87–278 E |
| 87–157 E | 87–259 E | 87–279 E |
| 87–158 E | 87–260 E | 87–280 E |
| 87–159 E | 87–261 E | 87–281 E |
| 87–160 E | 87–262 E | |

2) Our Order of November 18, 1987, granting summary judgment in favor of plaintiff-Hospital and dismissing patient-defendants' third-party claims in 86–276 E, 86–277 E, 86–278 E, 86–279 E, is VACATED.

3) Because diversity is apparent from the pleadings, we have jurisdiction over 87–152 E, 87–250 E and 87–266 E, and these cases are not subject to remand. If any party contests diversity jurisdiction, a motion to dismiss with brief shall be filed on or before May 2, 1988.

4) On consideration of patient-defendant's motion for voluntary dismissal, the third party claims asserted in 87–152 E are DISMISSED.

5) No responsive pleading having been filed in 87–250 E, plaintiff-Hospital shall petition for entry of default and default judgment on or before April 25, 1988.

