KAYE ASSOCIATES, Plaintiff,

v.

BOARD OF CHOSEN FREEHOLDERS–
COUNTY OF GLOUCESTER,
Defendant, Third–Party Plaintiff,

v.

HONEYWELL INC.,
Third–Party Defendant.

Civ. A. No. 90–2988(JFG).

United States District Court,
D. New Jersey.

March 1, 1991.

Anthony M. Bezich, Haddonfield, N.J., for plaintiff.

Donald C. Brown, Woodbury, N.J., for defendant, third-party plaintiff, Board of Chosen Freeholders–County of Gloucester.

John J. Mulderig, Brown & Connery, Westmont, N.J., and Paul A. Koches, Po-phaim Haik Schnobrich & Kaufman, Ltd., Washington, D.C., for third-party defendant, Honeywell Inc.

OPINION

GERRY, Chief Judge:

### BACKGROUND

On February 23, 1990, plaintiff, Kaye Associates ("Kaye"), filed a Complaint against defendant, Board of Chosen Freeholders–Gloucester County ("Gloucester County"), in the Superior Court of Camden County, New Jersey. The Complaint alleged that Gloucester County breached a contract to pay Kaye for consulting services in connection with the installation of a telecommunications system.

Thereafter, having obtained leave of court, Gloucester County filed a two count third-party complaint against Honeywell Inc. ("Honeywell"). The first count alleges that Gloucester County is entitled to recover contribution from Honeywell for any damages owed to Kaye which are attributable to Honeywell's failure to timely complete work under a separate contract with Gloucester County regarding the same telecommunications system. The second count seeks to recover damages from Honeywell on the basis of a liquidated damages clause in the contract between Gloucester County and Honeywell.

Pursuant to 28 U.S.C. § 1441(a) and (c), Honeywell filed a Notice of Removal with this court. In that pleading, Honeywell asserted that this court has original jurisdiction over the third-party claim because there is diversity of citizenship between Gloucester County and Honeywell and because the amount in controversy exceeds $50,000. *See* 28 U.S.C. § 1332. The parties are presently before the court upon plaintiff's motion to remand its claim to the Superior Court of New Jersey.

### DISCUSSION

There are two possible grounds upon which plaintiff's claim can be remanded to the state court. If removal of the case from the state court was improper, then

this court lacks jurisdiction over the case and must remand the entire matter back to the state court. *See* 28 U.S.C. § 1447(c). Even if removal was proper, this court still has the discretion to remand all matters not otherwise within its original jurisdiction. *See* 28 U.S.C. § 1441(c).

Honeywell removed the case pursuant to 28 U.S.C. § 1441(a) and (c). Those sections provide that:

(a) ... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.[1]

There is a widespread difference of opinion among courts as to whether or not third-party defendants are entitled under these provisions to remove cases to federal courts.

Numerous courts have held that third-party defendants can remove actions under § 1441(c), so long as the third-party complaint is a "separate and independent claim or cause of action, which would be removable if sued upon alone." *See, e.g., Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980); *Columbia Casualty Co., Inc. v. Statewide Hi–Way Safety, Inc.,* 94 F.R.D. 182 (D.N.J. 1982); *Marsh Investment Corp. v. Lang-*

*ford,* 494 F.Supp. 344 (E.D.La.1980); *Bond v. Doig,* 433 F.Supp. 243 (D.N.J.1977); *Ted Lokey Real Estate Co. v. Gentry,* 336 F.Supp. 741 (N.D.Tex.1972).

However, several commentators and numerous other courts have rejected that view. Those authorities have argued that third-party defendants are not proper parties for removal because they are not "defendants" under § 1441(a) and/or because § 1441(c) only applies to claims joined by plaintiffs. *See, e.g.,* 1A Moore's Federal Practice ¶ 0.167[10] (2nd Ed.1990); *Luebbe v. Presbyterian Hospital,* 526 F.Supp. 1162 (S.D.N.Y.1981); *Chase v. North American Systems, Inc.,* 523 F.Supp. 378 (W.D.Pa. 1981); *Hopkins Erecting Co. v. Briarwood Apartments of Lexington,* 517 F.Supp. 243 (E.D.Ky.1981); *White v. Baltic Conveyor Co.,* 209 F.Supp. 716 (D.N.J.1962).[2]

■ As the cited cases illustrate, not only are the courts across the country extremely divided, but our own district is also divided. *Compare Columbia Casualty, supra,* and *Bond, supra, with White, supra.* Unfortunately, neither the Supreme Court nor the Third Circuit has provided guidance with regard to this issue. *See Bond,* 433 F.Supp., at 249 (the district court certified the issue to the Third Circuit but no subsequent opinion is reported). Having considered the arguments on both sides of the issue, we conclude that the better reasoned view is that third-party defendants do not have the right to remove cases to federal courts.

■ At the outset, we note that the right of a party to remove a case from state to federal court is purely statutory—such that our removal jurisdiction exists only when authorized by Congress. *See Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979); *Chase,* 523 F.Supp., at

---

**1.** This subparagraph has been amended. However, the amendments are not relevant to the present motion, because the effective date of the amendments is December 1, 1990—well after this case was removed from the state court.

**2.** The Seventh Circuit has never decided this issue. However, in *Thomas v. Shelton,* 740 F.2d 478, 487 (7th Cir.1984), the court did state that "[a]lthough satisfied that in the broad run of

third-party cases, including this one, the third-party defendant cannot remove the case under section 1441(c), we hesitate to adopt a universal and absolute rule to that effect."

For a more complete list of the various cases which have decided this issue, refer to *Ford Motor Credit Co. v. Aaron–Lincoln Mercury,* 563 F.Supp. 1108, 1110 nn. 6 & 8 (N.D.Ill.1983).

381. It has been the policy of the courts to strictly construe removal statutes. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Libhart,* 592 F.2d, at 1064; *Chase,* 523 F.Supp., at 380–381; Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3721, at 214–216 (1985) ("the trend of decisions is to restrict and limit the removal jurisdiction of the federal courts, ... [c]onsistent with this philosophy, there is ample case support for the proposition that removal statutes will be strictly construed").

Given that background, we think that the better interpretation of § 1441 is that section (c) is only applicable to claims joined by the plaintiff. First, the broad principles espoused by courts allowing removal by third-party defendants—i.e. that section (c) authorizes removal whenever there exists, in the state court action, a separate and independent claim which would be removable if sued upon alone [3]—appears to conflict with other well-established rules regarding removal. For example, it is beyond dispute that a case cannot be removed solely on the basis of a defendant's counterclaim. *See, e.g., Shamrock Oil, supra; Conner v. Salzinger,* 457 F.2d 1241, 1243 (3d Cir.1972). This is true even if the defendant's counterclaim was separate and independent, and would have been removable if sued upon alone. *See* 1A Moore, *supra,* ¶ 0.167[8], at 497. Moreover, courts have established the general principle that removability is determined by the initial pleadings filed by the plaintiff and that a case nonremovable on the initial pleadings can become removable only pursuant to a voluntary act of the plaintiff. *See Powers v. Chesapeake & Ohio Ry. Co.,* 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898); *American Car & Foundry Co. v. Kettelhake,* 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915); *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 281–282, 38 S.Ct. 237, 239–40, 62 L.Ed. 713 (1918); *Hopkins Erecting Co.,*

517 F.Supp., at 249–250. Although district courts have the discretion to remand all matters not otherwise within its original jurisdiction, removal by third-party defendants under § 1441(c) entails removal of the whole case—including removal of the original plaintiff's claim against the original defendant—on a basis other than the plaintiff's voluntary act.[4] These conflicts are avoided if § 1441(c) is read so as to apply only claims joined by the plaintiff.

Turning to the text of the statute, we note initially that § 1441(c), on its face, does not provide much guidance regarding whether or not removal by third-party defendants is appropriate. However, looking to the legislative history, it appears that that section was not intended to extend the right of removal to additional parties, such as third-party defendants. The antecedent of § 1441(c), the Separable Controversy Act, was adopted in response to the practice of some plaintiffs to join a co-citizen as a defendant in a state court action against a citizen of another state in order to destroy complete diversity—with the result that the non-citizen defendant was prevented from removing the case to federal court. *See Southland Corp. v. Estridge,* 456 F.Supp. 1296, 1299 (C.D.Cal.1978). The Act responded to that practice by permitting removal by the non-citizen defendant upon a showing that there was diversity and that the matter between him and the plaintiff was "separable" from the plaintiff's controversy with the non-diverse party. *Id.* Section 1441(c) replaced that Act and substituted the new "separate and independent claim or cause of action" formulation for the notion of a "separable controversy". The purpose of the amendment was (1) to avoid the difficulties in determining what constituted a "separable controversy", and (2) to limit removal from state courts by requiring "more complete disassociation between the federally cognizable proceedings and those cognizable in state courts before

---

3. *See, e.g., Bond,* 433 F.Supp., at 247.

4. Although the principle that a case becomes removable only pursuant to the plaintiff's voluntary act typically has been applied to cases solely involving plaintiff(s) and defendant(s), i.e.

with no third parties, at least one other court has noted the apparent conflict between that general principle and removal by third-party defendants. *See id.*

allowing removal." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 12, 71 S.Ct. 534, 539, 95 L.Ed. 702 (1951); *Southland Corp.*, 456 F.Supp., at 1299–1300.

Looking at that legislative history, it seems clear that the intent of § 1441(c) was to ensure that "the plaintiff cannot preclude the right to remove a removable claim through the device of joining a wholly separate and independent nonremovable claim." 1A Moore, *supra*, ¶ 0.167[10], at 513. Given that intent, the policy of strict construction of removal statutes, and the apparent conflict with other well-established principles of removal, we cannot conclude, without more express guidance from Congress, that section (c) was intended also to expand removal jurisdiction by allowing removal by third-party defendants.

The cases going the other way have generally argued along the lines that

> ... it would not seem consonant with the intent of Congress that the right to have a cause tried before a federal tribunal should be made to depend on the fortuitous nature of the laws of a state relating to third party practice. As the Supreme Court said in *Shamrock Oil [supra]*, ... "The removal statute which, is nationwide in its operation, was intended to be uniform in its application, unaffected by local definition or characterization of the subject matter to which it is to be applied ..."

> If the removal statute is to be uniform in its application, construction should not depend on the procedures of a particular state respecting third party practice. Had New Jersey practice not permitted third party joinder, [the third party defendant] might have been brought into the courts of that state on the cause here in issue between it and third party plaintiffs as an ordinary defendant ... Had this occurred, its right to remove could not have been questioned. It does not seem to this court that the right of removal may be defeated by a procedure made possible by local law ...

*Industrial Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284, 286 (D.N.J.1954).

While we recognize that there is merit in that argument, ultimately, we conclude that it is not persuasive. The general removal provision, § 1441(a), is itself subject to the very same criticisms which were expressed in *Industrial Lithographic.* By limiting the right of removal under § 1441(a) to defendants, the right of removal necessarily is dependant upon "the fortuitous nature of the laws of a state". For example, if a plaintiff files a nonremovable suit in state court, and if the defendant has a counterclaim which arises under federal law, then the plaintiff's ability to remove the case to federal court depends upon the laws of the state regarding counterclaims. If state law makes defendant's counterclaim mandatory, or makes it permissible and defendant chooses to assert it as a counterclaim, plaintiff will be unable to remove the case. *See Shamrock Oil, supra.* However, if state law precludes the assertion of the claim as a counterclaim, or makes it permissible, and defendant chooses to assert it in a separate action, plaintiff would be able to remove that separate case because he would actually be a defendant in that action. Therefore, the criticisms expressed in *Industrial Lithographic* are equally applicable to a rule—that plaintiffs have no rights of removal—whose validity is not questioned by any court.

Our position that third-party defendants cannot remove cases to federal court is consistent with the Supreme Court's assertion in *Shamrock Oil* that the removal statute should be uniform in its application, because our position uniformly limits removal to claims joined by plaintiffs. In addition, we feel that our interpretation of § 1441(c) complies with *Shamrock Oil*'s dictate that removal statute be construed strictly. While we think it better if third-party defendants were allowed to remove cases to federal court, we are not the ones to make that choice; we are bound to enforce the will of Congress. In this case, in the absence of a clearer expression of an intention to do so, we do not think that Congress intended to give rights of removal to third-party defendants.

## CONCLUSION

For all of the reasons discussed above, we respectfully disagree with those cases which permit removal by third-party defendants, and hold that third-party defendant Honeywell's removal of this case from the Superior Court of New Jersey was improper. Accordingly, plaintiff's motion is granted and this case will be remanded back to that Court.

The accompanying order has been entered.

## ORDER

This matter having come before the court upon motion of plaintiff to remand the case to the Superior Court of New Jersey, and the court having considered the submissions, and for good cause shown;

It is, this 1st day of March, 1991, hereby ORDERED that plaintiff's motion is granted. Accordingly, it is ORDERED that this entire case be remanded to the Superior Court of New Jersey.