**PATIENT CARE, INC., Plaintiff,**

v.

**Martin FREEMAN and Esther Fried, Defendants/Third–Party Plaintiffs,**

v.

**EMPLOYEE BENEFIT MANAGEMENT CORPORATION, Third–Party Defendant.**

**Civ. No. 89–4592.**

United States District Court, D. New Jersey.

Jan. 31, 1991.

Daniel P. Simpson, Hirsch, Newman, Simpson & Baer, Hackensack, N.J., for Patient Care, Inc., plaintiff.

Russell G. Cheek, Toms River, N.J., for Martin Freeman and Esther Fried, defendants/third-party plaintiffs.

Irving L. Hurwitz, Carpenter, Bennett & Morrissey, Newark, N.J., for Employee Benefit Management Corp., third-party defendant.

## OPINION

DEBEVOISE, District Judge.

This matter comes before the Court on the third-party defendant's motion for summary judgment. The defendants/third-party plaintiffs, however, have raised a substantial objection to this Court's jurisdiction to hear this case. I have concluded, after careful consideration, that while a third-party defendant is not precluded from removing the claim against it to federal court, in this case removal was improper because the third-party claim for indemnification is not "separate and independent" from the main cause of action against the defendants. Therefore, this Court lacks jurisdiction over the case and the matter must be remanded to state court, from where it was improvidently removed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Patient Care, Inc. ("Patient Care") initiated this lawsuit in the New Jersey Superior Court. In its complaint, plaintiff sued defendants Martin Freeman and Esther Fried for a sum of money allegedly owed for certain medical services provided for Mr. Freeman. The amount in controversy did not exceed $50,000, and there was no allegation that the citizenship of the parties was diverse. All of the claims in the complaint were based on ordinary state law causes of action. In short, as originally filed, there was no conceivable basis for federal subject matter jurisdiction over the case.

In response to the complaint, defendants filed an answer which denied the allegations in the complaint and raised certain defenses. In addition, as part of the same pleading, defendants brought a third-party complaint against third-party defendant Employee Benefit Management Corporation ("EBMC"). In their third-party complaint, defendants alleged that they were entitled to benefits under a group medical benefits plan, operated by EBMC, which would have covered the costs of the services for which they were being sued by Patient Care. Defendants sought indemnification from EBMC for any judgment plaintiff might obtain against them, and they brought separate claims against EBMC for the latter's alleged failure to provide benefits. All of defendants' claims against EBMC were framed as state law causes of action.

EBMC responded to the third-party complaint by filing a notice of removal with this Court.[1] The purported basis for removal was that defendants' claims, although framed as state law causes of action, were in fact preempted by the provi-

---

**1.** EBMC apparently purported to file its notice of removal within thirty (30) days after receipt of the third-party complaint. According to the notice of removal, EBMC was served with a copy of the third-party complaint on October 2, 1989. According to EBMC's certification of filing and service, the notice of removal was filed with this Court on November 1, 1989, just within the thirty (30) day time limit for removal prescribed by statute. See 28 U.S.C. § 1446(b). In fact, however, the notations of the court clerk on the notice of removal indicate that it was filed on November 2, 1989—one day late. Ordinarily, of course, the time limit for removal is viewed as mandatory and would warrant re-

mand of the case to state court. See Tyler v. Prudential Ins. Co., 524 F.Supp. 1211, 1213 (W.D.Pa.1981). However, the time limit is not jurisdictional and may be waived. See Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir.1983). In fact, the statute expressly provides that a motion to remand a case based on "any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). In this case, of course, defendants have not raised an objection to EBMC's tardiness for more than a year, so the late filing of the removal petition is not a bar to removal.

sions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* and were displaced by ERISA's civil enforcement provisions. Therefore, EBMC reasoned, defendants' claims arose under federal law, and removal was proper under 28 U.S.C. § 1441(a).[2]

EBMC thereafter moved for summary judgment on the third-party complaint, arguing that the insurance plan did not cover the services for which payment was sought. Defendants opposed the summary judgment motion on the merits, but also argued that this Court lacks jurisdiction because the case was improperly removed from state court.[3]

The central issue raised by defendants' attack on this Court's jurisdiction, to which I now turn,[4] is whether, and if so, under what circumstances, a third-party defendant such as EBMC may remove a case to federal court.

## DISCUSSION

More than thirty years ago a federal judge faced with the question of whether a third-party defendant could remove an action to federal court described the case law as a "field luxuriat[ing] in a riotous uncertainty." *Harper v. Sonnabend,* 182 F.Supp. 594, 595 (S.D.N.Y.1960). It is truly lamentable that this description remains accurate today. Despite the issuance of doz-ens of decisions during several decades, no uniform rule has developed. Indeed, a review of the cases reveals that even where two courts reach the same outcome, they rarely share a common rationale. Not only are there conflicts within several circuits, including the Third Circuit, there are even, as the decisions of this Court indicate, conflicts within individual judicial districts. *Compare White v. Baltic Conveyor Co.,* 209 F.Supp. 716 (D.N.J.1962) (holding that a third-party defendant may not remove case to federal court) *with Columbia Casualty Co. v. Statewide Hi–Way Safety, Inc.,* 94 F.R.D. 182, 184 (D.N.J.1982); *Bond v. Doig,* 433 F.Supp. 243 (D.N.J.1977) and *Industrial Lithographic Co. v. Mendelsohn,* 119 F.Supp. 284 (D.N.J.1954) (holding that third-party defendant may remove "separate and independent" claim). No doubt part of the confusion is due to the silence of the appellate courts. Only the Fifth and Seventh Circuits have addressed the issue, reaching opposite conclusions in opinions that are themselves somewhat equivocal. The Third Circuit has yet to address the question, so I am left to sort through the competing authorities, each of which is more or less persuasive, but none of which is binding.

While I have not attempted a comprehensive review of the case law,[5] it is apparently generally accepted that the majority

---

**2.** Ordinarily, of course, under the well-pleaded complaint rule, a complaint raising only state law causes of action would not be held to "arise under" federal law, and thus would not be within the original jurisdiction of the federal district courts. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). Nor would the mere fact that a state law claim is preempted by ERISA convert it into one arising under federal law. *Id.* at 25–27, 103 S.Ct. at 2854–55. However, where a state action is not only preempted by ERISA but also comes within ERISA's civil enforcement provisions, it is "'purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action....'" *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (quoting *Franchise Tax Board,* 463 U.S. at 23, 103 S.Ct. at 2854). Defendants' third-party complaint is clearly one by ERISA-plan beneficiaries to recover benefits under the plan, and is therefore within ERISA's civil enforcement provisions. Thus, the complaint arises under federal law. *Metropolitan Life,* 481 U.S. at 64–67, 107 S.Ct. at 1546–48.

**3.** Because defendants' objection to removal is based on an alleged jurisdictional defect, they have not waived their objections by failing to seek remand earlier in the proceedings. *See Gruber v. Hubbard Bert Karle Weber, Inc.,* 684 F.Supp. 879, 882 (W.D.Pa.1988).

**4.** In their reply brief, EBMC suggests that "the removal issue be held in abeyance pending resolution of the summary judgment motion." EBMC Reply Br. at 1 n. 1. This is inappropriate. If this Court lacks jurisdiction, any decision on EBMC's summary judgment motion would be a nullity.

**5.** For an extensive though by no means complete catalogue of cases on both sides of the issue, *see Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.,* 563 F.Supp. 1108, 1110 nn. 6 & 8 (N.D.Ill.1983).

view holds that third-party defendants may not remove a case to federal court.[6] This is no doubt due to the fact that the two leading commentators on federal procedure decided early on that only the original defendants to an action, and not the defendants to any cross-claim, counterclaim or third-party complaint, could remove the action to federal court. *See* 1A *Moore's Federal Practice* ¶ 0.167[10] (2d ed. 1989); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3724 (1985). The arguments for this view are various, but they typically begin with the language of the removal statute, which provides in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
>
> .    .    .    .    .
>
> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone,

is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(a), (c).[7]

For those courts which would deny the right of removal to third party defendants, the point of departure for interpreting § 1441 is the "Congressional purpose to restrict the jurisdiction of the federal courts on removal...." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).[8] From this premise of strict construction, the opponents of removal make two arguments regarding the text of § 1441, and two arguments regarding policy considerations.

The first textual argument is that whereas § 1441(c) speaks of the removable claim as being "joined" with a nonremovable claim, a third party claim is typically "not joined with, but rather ... antagonistic to" the plaintiff's claim. *Thomas v. Shelton,* 740 F.2d 478, 486 (7th Cir.1984). Reasoning that "Section 1441(c) is applicable only to claims joined *by the plaintiff,*" *Lowe's*

---

**6.** This fact obviously contributes to the dearth of appellate decisions on this issue. Where a district court determines that a case was improvidently removed and remands the matter to state court, that decision is virtually unreviewable by the court of appeals. *See* 28 U.S.C. § 1447(d); *see also Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1979).

I should also emphasize that in describing the majority view of removal by third-party defendants, and in the discussion which follows, I am referring to cases involving only private litigants. Entirely different questions may be presented where the third-party defendant is a federal official. *See* 28 U.S.C. § 1442; *see also Thompson v. Wheeler,* 898 F.2d 406, 409 (3d Cir.1990); *Thomas v. Shelton,* 740 F.2d 478, 487–88 (7th Cir.1984); *cf. New Jersey Dep't of Environmental Protection v. Gloucester Environmental Management Services, Inc.,* 719 F.Supp. 325, 333 (D.N.J.1989).

**7.** Section 1441(c) has recently been amended to read:

> (c) Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title,* is joined with one or more otherwise non-re-

movable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters *in which State law predominates.*

Federal Courts Study Committee Implementation Act of 1990, Pub.L. No. 101–650, § 312, 104 Stat. 5089, 5114 (emphasis added). The obvious import of this amendment is to eliminate § 1441(c) as a vehicle for removal of diversity actions, and limit it to where the basis for removal is the existence of a federal question. As such, the amendment does not affect this case. Moreover, the amendment does not apply to cases removed prior to the effective date of the amendment.

**8.** *See, e.g., Morris v. Marshall County Board of Education,* 560 F.Supp. 43, 44–45 (N.D.W.Va. 1983); *Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107, 1109 (E.D.Pa.1982); *Chase v. North American Systems, Inc.,* 523 F.Supp. 378, 381 (W.D.Pa.1981); *Garnas v. American Farm Equipment Co.,* 502 F.Supp. 349, 350 (D.N.D. 1980); *Greater New York Mutual Ins. Co. v. Anchor Construction Co.,* 326 F.Supp. 245, 248–49 (E.D.Pa.1971); *Fiblenski v. Hirschback Motor Lines, Inc.,* 304 F.Supp. 283, 285 (E.D.Ark.1969).

*of Montgomery, Inc. v. Smith,* 432 F.Supp. 1008, 1010 (M.D.Ala.1977) (emphasis added), the argument concludes that only claims brought by the plaintiff against the original defendant, and not third-party claims, may be removed under that section.

The second, and somewhat weightier, textual argument is that § 1441(a) refers only to removal "by the defendant or the defendants," and thus, based on strict construction, removal may not be had under § 1441(a) by third-party defendants. *See, e.g., Chase v. North American Systems, Inc.,* 523 F.Supp. 378, 382 (W.D.Pa.1981); *Lowe's of Montgomery,* 432 F.Supp. at 1010; *Greater New York Mutual Ins. Co. v. Anchor Construction Co.,* 326 F.Supp. 245, 248 (E.D.Pa.1971). This argument is somewhat aided by reference to legislative history. Thus, Judge Pollak of the Eastern District of Pennsylvania has pointed out that while the removal statute had once expressly provided that either plaintiffs or defendants could remove actions to federal court, in 1887 the statute was amended to limit the right of removal to defendants. Based on this amendment the Supreme Court in *Shamrock, supra,* found that where a defendant files a counterclaim against a plaintiff, the plaintiff may not remove. Thus, Judge Pollak reasoned, there is no coherent reason "for denying the privilege of removal to a *Shamrock* plaintiff but granting it to a third-party defendant," and "there is no evidence that Congress ... has adopted such a theory." *Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107, 1109 (E.D.Pa.1982).

Perhaps more important than these textual arguments,[9] however, are the policy arguments against removal by third-party defendants. First, it is contended that it would be "rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed." *Lowe's of Montgomery,* 432 F.Supp. at 1010. *See also Chase v. North American Systems,* 523 F.Supp. at 382; *Fiblenski v. Hirschback Motor Lines, Inc.,* 304 F.Supp. 283, 285 (E.D.Ark.1969). As the Southern District of New York described it:

> It seems anomalous to allow a party, whose jurisdictional attributes are irrelevant to the main claim, to remove the entire suit to another court. Removal on such a basis is too much akin to the tail wagging the dog.

*Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Co.,* 208 F.Supp. 544, 547 (S.D.N.Y.1962).

More importantly, it is argued, allowing removal by third-party defendants fails to show proper "respect for the limits of the federal judicial power." *Lowe's of Montgomery,* 432 F.Supp. at 1013. As the Seventh Circuit put it:

> [N]ot only the language of section 1441(c), but also considerations of federalism, militate against removal. To allow removal of an entire suit on the basis of a third-party claim is to bring into the federal court an action the main part of which is not within that court's original jurisdiction, and is thus to enlarge federal at the expense of state jurisdiction in rather a dramatic way.

*Thomas v. Shelton,* 740 F.2d at 486. *See also Lowe's of Montgomery,* 432 F.Supp. at 1012 ("allowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction").

As noted, these various textual and policy arguments against removal by third-party defendants have commanded the support of a majority of the courts. Nonetheless, there is a substantial, and I think persuasive, counterattack by a significant minority of courts which have found removal

---

**9.** Courts arguing against removal typically make a further textual argument as well, namely, that § 1441(c) only allows removal of claims which are "separate and independent" of the main cause of action. *See, e.g., Thomas v. Shelton,* 740 F.2d at 486. As discussed more fully below, however, supporters of removal by third party defendants uniformly accept this argument. Thus, the "separate and independent" language of § 1441(c) does not go to whether a third-party defendant can remove at all; rather, assuming removal would be permissible, it goes to what type of claim is removable. *See infra* at 650.

permissible. Dealing with the textual arguments first, these courts point out that § 1441(c) in fact does *not* provide that only claims joined *by the plaintiff* may be removed. "Construing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress." *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.*, 563 F.Supp. 1108, 1112 (N.D.Ill.1983); *see also Thomas v. Shelton*, 740 F.2d at 490 (Swygert, J., concurring in the judgment).

Next, the proponents of removal meet head on the argument, elaborated by Judge Pollak, that the reference to "defendants" in § 1441(a) cannot include third-party defendants. Unlike the plaintiff-counterdefendant seeking removal in *Shamrock*, a third-party defendant

> ha[s] never voluntarily submitted itself to the jurisdiction of the state court. It was dragged into state court by service of process the same way that any other "defendant" is brought into court.... [It] is as much a defendant as if the case had been originally brought against it. [It] has been sued in the only meaningful sense of the word—it has been haled into court involuntarily and must defend an action for relief against it.

*Ford Motor Credit*, 563 F.Supp. at 1113 (footnotes omitted). Thus, Judge Pollak notwithstanding, there is a coherent reason for allowing third-party defendants, but not plaintiffs, to remove actions to federal court.

Turning to policy considerations, proponents of removal first point out that denying removal to protect the plaintiff's choice of forum simply overlooks the third-party defendant's equally important interest in having the federal claim against it heard in federal court. *See Thomas v. Shelton*, 740 F.2d at 490–91 (Swygert, J., concurring in the judgment); *Ford Motor Credit*, 563 F.Supp. at 1114. As these courts repeatedly point out, the presence of removal jurisdiction should not turn on the fortuity of whether a party is impleaded or sued directly. *See, e.g., Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir.1980); *Ford Motor Credit*, 563 F.Supp. at 1114; *Bond v. Doig*, 433 F.Supp. 243, 247–48 (D.N.J.1977).[10] *See also Thompson v. Wheeler*, 898 F.2d 406, 409 (3d Cir.1990) (" 'To adopt an inflexible rule barring removal by third party defendants ... would have the curious effect of making a litigant's right to have a claim heard in a federal forum turn on the fortuity of being sued in a third-party complaint rather than in a separate action' ") (quoting *Mignogna v. Sair Aviation, Inc.*, 679 F.Supp. 184, 188 (N.D.N.Y.1988)).[11]

Likewise, where the third-party claim is one within the federal court's subject matter jurisdiction, jurisdictional considerations would seem to militate in favor of allowing the claim to be removed. In a diversity case, removal is necessary to "give effect to the federal policy of protecting out-of-state litigants against local prejudice in the state courts." *Ford Motor Credit*, 563 F.Supp. at 1114. And in a federal question case, removal is necessary to afford the third-party defendant an opportunity to have the federal claim against it heard in federal court. This latter point would have particular force where the third-party claim was one within the federal courts' exclusive jurisdiction; indeed, it is difficult to understand how a policy of non-removal could accomodate such a

---

**10.** As one court has noted, disallowing removal for all but original defendants can produce anomalous results. *See Soper v. Kahn*, 568 F.Supp. 398, 403 (D.Md.1983). For example, in *Garnas v. American Farm Equipment Co.*, 502 F.Supp. 349, 350 (D.N.D.1980), it was the plaintiff who impleaded the third-party defendant in response to a counterclaim brought against the plaintiff by the original defendant. Removal by the third-party defendant was denied, even though removal would have been permitted had the third-party defendant been sued by the plaintiff in the first instance.

**11.** *Thompson v. Wheeler* dealt *not* with removal under § 1441 but rather under 28 U.S.C. § 2679(d) of the Federal Tort Claims Act. Thus, the decision, although instructive, is by no means dispositive of whether a third-party defendant may remove under § 1441. *See Thompson v. Wheeler*, 898 F.2d at 409 n. 2.

case.[12]

Moreover, there is no reason why the plaintiff's choice of forum and the interest in avoiding an unwarranted expansion of federal jurisdiction cannot be protected by the district court's exercise of its discretion to "remand all matters not otherwise within its original jurisdiction." 28 U.S.C. § 1441(c). This will both insure that the plaintiff's claim is heard in its chosen forum, *see Thomas v. Shelton*, 740 F.2d at 490 (Swygert, J., concurring in the judgment), and avoid the constitutional problem of hearing a "separate and independent" non-federal claim in federal court. *See Ford Motor Credit*, 563 F.Supp. at 1115 n. 25. In fact, the court in *Ford Motor Credit* reported that "every case that we have been able to find which has permitted the removal of a third party action also remands the original claim to the state court." *Id.* at 1114–15.

Having said that, however, it should be noted that remanding non-removable claims is not unproblematic, which brings us to our final point. As mentioned earlier, *see supra* at 648 n. 9, the one common ground between proponents and opponents of third-party removal is that removal should only be allowed for claims that are, in the language of § 1441(c), "separate and independent." Indeed, I have been unable to locate any decision which finds third-party removal proper without *also* holding that a third-party claim can be removed *only* if it is "separate and independent" from the main cause of action. The reason for this is now apparent, for if the main cause of action and the third-party claim are interdependent, then remanding the former to state court will subject the defendant/third-party plaintiff to potentially inconsistent judgments in the state and federal courts. *See, e.g., Thomas v. Shelton*, 740 F.2d at 486; *Greater New York Mutual Ins. Co.*, 326 F.Supp. at 249.

■ Thus, for the foregoing reasons, I conclude that a third-party defendant may remove the claim against it to federal court, so long as that claim is "separate and independent" from the main cause of action. In this case, therefore, I conclude that the third-party defendant, EBMC, may remove the third-party claim against it if and only if that claim is "separate and independent" from Patient Care's main cause of action against the defendants.

■ Defendants' claim against EBMC is essentially one for indemnification for any judgment plaintiff might obtain against them. As on the question of third-party removal generally, so also on the question of whether a third-party claim for indemnification is "separate and independent," the courts are split. Several courts have held that *no* claim for indemnification is "separate and independent" and therefore removal is always improper in such circumstances. *See, e.g., Thomas v. Shelton*, 740 F.2d at 486; *Greater New York Mutual Ins. Co.*, 326 F.Supp. at 249. In fact, some courts, addressing the precise issue raised here, have held that a beneficiary's third-party ERISA claim against an insurer to indemnify against a possible judgment in a suit to recover medical expenses from the beneficiary is *not* "separate and independent" from the main action and therefore is *not* appropriate for removal. *See, e.g., Sunny Acres Skilled Nursing v. Williams*, 731 F.Supp. 1323, 1327 (N.D. Ohio 1990); *Baldwin Country Eastern Shore Hospital Board, Inc. v. Windham*, 706 F.Supp. 38 (S.D.Ala.1989); *University of Chicago Hospital & Medical Center v. Rivers*, 701 F.Supp. 647, 648–49 (N.D.Ill. 1988).

Even those courts which support third-party removal agree that a claim for indemnification is not "separate and independent" (and therefore not removable) if it is based on a claim that the third-party defendant caused the plaintiff's injuries, e.g., as where the third-party defendant is alleged to be a joint tortfeasor. *See Marsh Investment Corp. v. Langford*, 652 F.2d 583, 584 (5th Cir. Unit A 1981), *cert. denied sub nom. Ponchartrain State Bank v. Marsh*

---

**12.** I should note, however, that this is *not* such a case. The third-party ERISA claim here is one over which state and federal courts have concurrent jurisdiction. *See* 29 U.S.C. § 1132(a)(1)(B) and (e)(1).

*Investment Corp.,* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982); *Mignogna v. Sair Aviation, Inc.,* 679 F.Supp. 184, 190 (N.D.N.Y.1988). However, the Fifth Circuit has distinguished cases where the "third party complaint seeks indemnity based on a separate obligation owed to the defendant (such as a contractual indemnity obligation). . . ." *In re Wilson Industries,* 886 F.2d 93, 96 (5th Cir.1989). In these circumstances, courts following the Fifth Circuit have held the third-party claim is removable because it "arose from this separate and independent contractual obligation." *Id. See, e.g., Bond v. Doig,* 433 F.Supp. at 248. In support of this conclusion, courts point out that the third-party claim could have been brought as a separate cause of action for declaratory relief. *Id.; see also Carl Heck Engineers,* 622 F.2d at 136. At least one court, following this approach, has held that a third-party claim for ERISA benefits, such as in this case, is "separate and independent" and therefore removable. *See Charter Medical Corp. v. Friese,* 732 F.Supp. 1160, 1162 (N.D.Ga.1989).

Despite the existence of some authority for this position, however, I find the distinction between the two types of indemnification claims to be untenable. In describing the "separate and independent" language of § 1441(c) the Supreme Court held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). The court in *Ford Motor Credit,* for example, interpreted this to mean that where "recovery in the allegedly removable claim is dependent on the result in

the non-removable claim, the claims are not 'separate and independent' within the meaning of § 1441(c)." 563 F.Supp. at 1111. *See also Chase v. North American Systems,* 523 F.Supp. at 382. This suggests the flaw in the convenient but artificial distinction the Fifth Circuit has drawn between indemnification as between joint tortfeasors and indemnification based on a separate contractual obligation. In either case, the right to indemnification is wholly dependent on a judgment being awarded against the defendant.

More fundamentally, to allow removal of an indemnification claim based on a contractual obligation would defeat the entire purpose of the requirement that the claim be "separate and independent." As explained above, this insures that the main action may be remanded to state court without subjecting the defendant/third-party plaintiff to potentially inconsistent judgments. However, that is precisely what would happen if the indemnification claim were severed and removed to federal court, because the third-party defendant would not be bound by any judgment in the state court finding the defendant/third-party plaintiff liable to the plaintiff for an indemnifiable injury.

Consequently, I decline to follow the holding of the Fifth Circuit and conclude instead that any third-party claim for indemnification is not a claim "separate and independent" from the main action, and therefore is not removable by the third-party defendant under § 1441.[13] As a result, this action was improperly removed and must be remanded to state court.

## CONCLUSION

For the foregoing reasons, I conclude that while a third-party defendant may remove a claim against it to federal court if it

---

13. It may well be, therefore, that as a practical matter the Seventh Circuit was correct in stating that "in the broad run of third-party cases," *Thomas v. Shelton,* 740 F.2d at 487, the third-party defendant will not be able to remove the claim to federal court. However, three caveats should be emphasized. First, third-party practice rules vary from state to state, and it is possible that a third-party defendant may be impleaded for a claim other than indemnifica-

tion. Second, there may be unusual circumstances—for example, where federal jurisdiction over the third-party claim is exclusive—which would warrant abrogating the plaintiff's choice of forum and hearing the entire action in federal court. Finally, I again emphasize that the foregoing discussion applies only to third-party removal in cases involving only private litigants, and different rules may apply where the United States or an officer thereof is a party to the case.

is one within the original jurisdiction of the district courts, this right of removal is limited to claims which are "separate and independent" from the main cause of action. Because the third-party claim here is one for indemnification, I conclude that it is not a "separate and independent" claim and therefore is not removable, so that the action must be remanded to state court. The unfortunate but inevitable result of this decision is that it will be unreviewable by the Third Circuit. *See* 28 U.S.C. § 1447(d). As a consequence, rather than leading to a resolution of this vexing issue, this case will only contribute to the cacophony of opinions which already exists. An appropriate order follows.