**KETEC, INC., Plaintiff,**

v.

**SENTECH CORPORATION, Defendant,**

**SENTECH CORPORATION, Counter-Claimant,**

v.

**KETEC, INC., Counter-Defendant.**

**SENTECH CORPORATION, Third-Party Plaintiff,**

v.

**Ronald KENNY, George Kaltner, and Roy Edwardsen, Third-Party Defendants.**

No. 97–6139.

United States District Court, D. New Jersey.

Feb. 17, 1998.

Michael R. Contarino, Pluese, Incollingo & Lihotz, P.C., Haddonfield, NJ, for plaintiff.

Anthony K. Modafferi, III, Anthony K. Modafferi, III, & Associates, Hackensack, NJ, for defendant.

Norman E. Lehrer, Cherry Hill, NJ, for Third Party Defendants.

## OPINION

ROSEN, United States Magistrate Judge.

### I. INTRODUCTION

Currently pending before the court is the motion [1] of Anthony K. Modafferi, III,

---

1. As a motion to remand is considered "non-dispositive," it is within the magistrate judge's legal authority "to issue a final order remanding to state court a case removed to this Court." *DeCastro v. AWACS, Inc.*, 940 F.Supp. 692, 695 (D.N.J.1996).

Esquire, attorney for the defendant SenTech EAS Corporation[2] (hereinafter "SenTech"), to remand this action to the New Jersey Superior Court, Law Division, Burlington County, and for attorneys' fees and costs associated with this motion. After careful consideration of the submissions of the parties, and for the reasons noted below, the defendant's motion to remand shall be **GRANTED.** The defendant's request for costs pursuant to 28 U.S.C. § 1447(c) shall be **DENIED.**

## II. FACTS AND PROCEDURAL HISTORY

This action was originally filed in the New Jersey Superior Court, Law Division, Burlington County on or about October 3, 1996 by the plaintiff, Ketec, Inc. (hereinafter "Ketec"), against the defendant, SenTech. *See* Notice of Removal at 2. The complaint alleged that the defendant breached the contract between the parties and failed to pay money due and owing to Ketec. *See* Complaint. The defendant answered the complaint and asserted several affirmative defenses. *See* Answer at 1–4. The defendant simultaneously asserted a counterclaim against the plaintiff, alleging that the plaintiff's product was defective. Answer at 4–5. The plaintiff answered the counterclaim, asserted several affirmative defenses, and made a request for a statement of damages claimed. *See* Answer to Counterclaim.

On November 4, 1997, the defendant filed a motion to amend the original answer and counterclaim. The proposed amendment asserted one additional affirmative defense to the complaint. Defendant's First Amendment to Answer (hereinafter "Amended Answer") at 1–3. The proposed amendment also included additional counterclaims and a third-party complaint against Ronald Kenny, George Kaltner and Roy Edwardsen. Amended Answer at 3–29. The third-party defendants are all alleged to be "agents, servants and/or employees engaged by the plaintiff Ketec with the requisite legal authority necessary to bind, obligate and/or subject Ketec to legal recourse by SenTech based upon their actions." Amended Answer at 3–4.[3] The third-party complaint contained a federal claim of false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act. The defendant claims that the plaintiff/counter-defendant and the third-party defendants willfully and intentionally

> have used in commerce a device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive consumers of EAS products as to the affiliation, connection, or association of them with SenTech, or is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of SenTech's goods, services, or commercial activities by them.

Amended Answer at 10–11.[4]

The motion to amend was granted orally on November 21, 1997 and an order was entered on December 2, 1997. Modafferi Declaration at 2. Thereafter, on December 19, 1997, the third-party defendants, Ronald Kenny, George Kaltner, and Roy Edwardsen, filed a Notice of Removal in this court.[5] The

**2.** The defendant notes in the answer to the complaint that the correct designation is SenTech EAS Corporation, not SenTech Corporation.

**3.** Specifically, the defendant alleges that the third-party defendants are now, or used to be, officers of Ketec. *See* Amended Answer at 25–26.

**4.** The third-party complaint contains additional claims of common law and statutory unfair competition, common law and statutory trademark and trade dress infringement (state claims), breach of contract, inducement to breach contract, breach of covenant of good faith and fair dealing, tortious interference with prospective economic advantage, as well as violation of the New Jersey Unfair Competition Act, against the plaintiff and the third-party defendants. Amended Answer at 12–25. As to only the third-party defendants, the defendant claims that they partic-

ipated in a civil conspiracy and that they aided and abetted Ketec in its violation of the law. Amended Answer at 25–29.

**5.** The defendant incorrectly states that it was the plaintiff, not the third-party defendants, who removed this action to this court. However, the plain language of 28 U.S.C. § 1441 imparts the right of removal only to defendants. Thus, had the plaintiff removed this action to federal court, remand would clearly be mandated. *See Geiger v. Arctco Enterprises, Inc.*, 910 F.Supp. 130, 131 (S.D.N.Y.1996) ("It is clear beyond a peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as plaintiffs sought to do here.").

defendant filed this motion to remand on January 8, 1998.[6]

## III. DISCUSSION

### A. Third-party Removal

As previously noted, a fundamental issue is whether or not a third-party defendant is permitted, under 28 U.S.C. § 1441, to remove an action to federal court. The relevant sections read as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendant's sued under fictitious names shall be disregarded.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. §§ 1441(a) and (c).

■ It is well established that removal statutes are strictly construed and all doubts should be resolved in favor of remand. *Kaye Associates v. Board of Chosen Freeholders– County of Gloucester,* 757 F.Supp. 486, 487– 88 (D.N.J.1991). *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Vartanian v. Terzian,* 960 F.Supp. 58, 61 (D.N.J.1997). There is disagreement, however, both among the districts and within this district, as to whether third-party defendants are permitted to remove state actions to federal court. *Kaye Associates,* 757 F.Supp. at 487. Nevertheless, this court is persuaded by the reasoning of Chief Judge John F. Gerry in *Kaye Associates* and finds no reason to dispute the holding therein.

In *Kaye Associates* the plaintiff filed a complaint against the County of Gloucester (hereinafter "Gloucester") in state court alleging breach of contract. *Id.* at 486. Gloucester filed a third-party complaint against Honeywell, Inc. (hereinafter "Honeywell") claiming that Honeywell was responsible to Gloucester for contribution and by virtue of a liquidated damages clause in the contract between Gloucester and Honeywell. *Id.* Honeywell removed the action to federal court and claimed that, under 28 U.S.C. §§ 1441(a) and 1441(c), original jurisdiction was vested in federal court since diversity existed as between Honeywell and Gloucester and the amount in controversy exceeded $50,000.[7] *Id.* Thereafter, the plaintiff moved for remand of the action to state court. *Id.*

Chief Judge Gerry began his analysis by observing that jurisdiction over actions removed from state to federal court exists only to the extent Congress has authorized such jurisdiction. *Id.* at 487. He also recognized that many courts have permitted third-party defendants to remove state actions to federal court so long as the third-party claim was one that " 'would be removable if sued upon alone.' " *Id.* (citations omitted). However, he concluded that while there was decisional law to support both views, "the better reasoned view is that third-party defendants do not have the right to remove cases to federal courts." *Id.*

Chief Judge Gerry articulated certain principles of removal that are well-established: that a defendant's counterclaim can not be the basis for removal; that the propriety of removal is generally ascertained by the plaintiff's initial pleadings; and that, if the plain-

---

6. The defendant claims that one basis for remand is the third-party defendants' alleged violation of the procedural requirements for removal set forth in 28 U.S.C. § 1446(b). The court does not need to reach the merits of this issue since, as discussed in further detail below, third-party defendants are not permitted to remove actions to federal court under 28 U.S.C. § 1441. The issue of whether a third-party defendant is permitted to remove was not addressed by either party.

However, because the right of the third-party defendants to remove an action to federal court is determinative of the defendant's motion to remand, the court is compelled to *sua sponte* address this issue.

7. The diversity statute has since been amended to raise the amount in controversy to $75,000. *See* 28 U.S.C. § 1332.

tiff's initial pleadings do not provide the basis for removal, an action may only become removable by a voluntary act of the plaintiff. *Id.* at 488. He found that discrepancies with these general principles of removal could be avoided by construing the statute as not providing third-party defendants with the right of removal. *Id.*

Additionally, Chief Judge Gerry reviewed the plain language of the statute and noted that it did not address whether third-party defendants were permitted to remove actions to federal court. *Id.* However, he found that the legislative history did not support a finding that third-party defendants were encompassed under § 1441(c). *Id.* at 488–89. Instead, he concluded that "it seems clear that the intent of § 1441(c) was to ensure that 'the plaintiff cannot preclude the right to remove a removable claim through the device of joining a wholly separate and independent nonremovable claim.'" *Id.* at 489 (quoting 1A MOORE'S FEDERAL PRACTICE ¶ 0.167[10], at 513 (2d Ed.1990)). Chief Judge Gerry summarized his rationale as follows:

> Given [the legislative] intent, the policy of strict construction of removal statutes, and the apparent conflict with other well-established principles of removal, we cannot conclude, without more express guidance from Congress, that section (c) was intended also to expand removal jurisdiction by allowing removal by third-party defendants.

*Id.* at 489.

■ This court can not conceive of any possible justification for disregarding the reasoning and conclusions of Chief Judge Gerry. Nor have the parties provided the court with any distinctive characteristics of this action that would mandate an opposite conclusion. It is uncontroverted that it was the third-party defendants who removed this action to federal court based on the federal cause of action pled in the defendant's third-party complaint. Following Chief Judge Gerry's reasoning in *Kaye Associates*, remov-

al by the third-party defendants is impermissible. Removal was not made possible by either the plaintiff's initial pleadings or other voluntary action. Rather, removal was based on the defendant's amendment to the counterclaim and assertion of a third-party complaint. That is insufficient under § 1441 to effect proper removal. Therefore, this court lacks jurisdiction to hear this action and it must be remanded to state court.

**B. Separate and Independent Under § 1441(c)**

■ In spite of the conclusion reached above and due to the divergent nature of the decisions regarding removal by third-party defendants, the court feels compelled to comment on whether the federal claim is separate and independent under 28 U.S.C. § 1441(c). For the following reasons, this court concludes that the federal claim is not separate and independent from the state claims alleged in the defendant's third-party complaint. Thus, remand of the entire matter, not only the state claims, is mandated. *Patient Care, Inc. v. Freeman,* 755 F.Supp. 644, 650 (D.N.J.1991).

Although the original complaint in *Patient Care* involved only state claims, the defendants filed a third-party complaint against Employee Benefit Management Corporation claiming entitlement to benefits under a group medical plan. *Id.* at 645. The third-party defendant removed the action to federal court based on the contention that the state claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. *Id.* at 645–46. In partial response to the third-party defendant's motion for summary judgment, the defendants/third-party plaintiffs objected to federal jurisdiction. *Id.* at 646. Although Judge Debevoise determined that a third-party defendant was permitted to remove an action to federal court, he remanded the matter to state court because the federal claims were not separate and independent from the initial cause of action. *Id.* at 650.[8]

---

8. Judge Debevoise succinctly noted that "the one common ground between proponents and opponents of third-party removal is that removal should only be allowed for claims that are, in the language of § 1441(c), 'separate and independent.' Indeed, I have been unable to locate any decision which finds third-party removal proper without also holding that a third-party claim can be removed only if it is 'separate and independent' from the main cause of action. The reason for this is now apparent, for if the main cause of action and the third-party claim are interdependent, then remanding the former to state court

The courts have set a fairly high standard for determining whether claims are separate and independent. The United States Supreme Court has interpreted "separate and independent" to mean:

'[S]eparate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

*American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 12, 71 S.Ct. 534, 95 L.Ed. 702 (1951)(footnote omitted). The Court concluded that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* 341 U.S. at 14 (footnote omitted). The court in *Patient Care* further explained that when " 'recovery in the allegedly removable claim is dependent on the result in the non-removable claim, the claims are not "separate and independent" within the meaning of 1441(c).' " 755 F.Supp. at 651 (quoting *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.*, 563 F.Supp. 1108, 1111 (N.D.Ill.1983)).

Therefore, this court must determine whether the defendant's federal claim under the Lanham Act is separate and independent from the other state claims alleged in the third-party complaint. For the reasons noted below, the court concludes that the federal Lanham Act claim is not separate and independent from the state claims. Consequently, *remand* is mandated under 28 U.S.C. § 1441(c) and the case law interpreting that statute, as this court does not have jurisdiction over this action.

Because any determination regarding the claims alleged is controlled by the pleadings, *see Finn*, 341 U.S. at 14, a review of the defendant's third-party complaint is necessary. By way of background, the third-party complaint states that SenTech is "an original equipment manufacturer of electronic article surveillance ("EAS") systems, as well as a distributor of tags and accessories used to help retailers minimize their shoplifting losses." Third-party Complaint at 4. SenTech obtained a trademark for its primary EAS system—the MultiTag II®. Third-party Complaint at 5. "The MultiTag II® system incorporates at least one pair of radio frequency antennae mounted within a unique and distinctive housing ("Housing"), along with related electronic components contained within the Housing, which are adapted to be placed about store entrances/exits to create a detection zone and sound an audible and/or visible alarm when a detectable tag is placed within the detection zone. . . ." Third-party Complaint at 5. SenTech alleges that the Housing "functions as a trade dress . . . and consequently serves to indicate SenTech as its source. . . ." Third-party Complaint at 5. SenTech is the only entity authorized to manufacture or sell the product, although it can, and has, authorized others to manufacture and sell the product. Third-party Complaint at 5–6.

SenTech originally entered into a requirements contract with Ketec, in furtherance of which Ketec was to supply SenTech with certain components of the EAS System. Third-party Complaint at 7. No authorization was given to Ketec to manufacture any other part of the EAS system. Third-party Complaint at 7. A second requirements contract was entered into whereby Ketec was authorized to manufacture the entire EAS system for SenTech. Third-party Complaint at 7. Ketec was not authorized to manufacture the EAS systems for their own use, sale or distribution. Third-party Complaint at 8. The third and final requirements contract permitted Ketec to manufacture only components of the EAS system. Third-party Complaint at 9.

The essence of the federal claim for false designation of origin is that the third-party defendants manufactured, marketed and sold the EAS systems without authorization and

---

will subject the defendant/third-party plaintiff to potentially inconsistent judgments in the state and federal courts." *Patient Care*, 755 F.Supp. at 650.

"have used in commerce a device and false designation of origin which is likely to cause confusion...." Third-party Complaint at 9, 10–11. As noted above, SenTech alleges additional state claims of common law and statutory unfair competition, common law and statutory trademark and trade dress infringement, breach of contract, and various other state claims. Third-party Complaint at 12–25. It is clear that all of these claims, both federal and state, arise from the same set of circumstances, namely that Ketec engaged in the unauthorized manufacture, marketing and sale of the EAS systems designed by SenTech. This clearly constitutes that "a single wrong to [the defendant], for which relief is sought...." *Finn,* 341 U.S. at 14. SenTech would certainly be subject to the possibility of contradicting and inconsistent adjudications should the court exercise jurisdiction over the federal claim and remand the remaining state claims. *See Patient Care,* 755 F.Supp. at 650. Accordingly, the federal claim under the Lanham Act cannot be considered separate and independent under § 1441(c) and the entire action must be remanded to state court.

### IV. CONCLUSION

Based on the foregoing reasons, the defendant's motion for remand shall be *GRANTED.* This matter shall be remanded to the Superior Court of New Jersey, Law Division, Burlington County. The defendant's request for costs shall be *DENIED* and each side shall bear their own costs. An appropriate order shall enter on this date.